## MARIA BURNS v. CITY OF BRADFORD.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF MCKEAN COUNTY.

Argued May 5, 1890—Decided January 5, 1891.

[To be reported.]

1. Where there is no structural defect in a sidewalk, a municipal corporation is not liable for an injury occurring by reason of its unsafe condition at the time, unless it had express notice of the defective condition, or the same was so notorious as to be evident to all persons passing.

2. If a defective condition be such that it is discovered by only one out of very many persons who pass by it, in the ordinary pursuit of business or pleasure, it cannot be said to be notorious, or to be such a defect as that the municipality is chargeable with constructive notice of its existence.

(a) A plaintiff, injured by falling on a plank sidewalk four feet in width, testified that one side of it was lifted up, at the time of her fall, so as to be a foot higher than the other side.   One witness, in her behalf, testified that she saw it two or three weeks before, and that it was then in the same condition.

(b) No other witness testified that the walk was out of order prior to the accident.   The plaintiff herself had passed over it just before, and had seen nothing wrong with it.   A witness in her behalf, who came to her assistance, when injured, testified that there was nothing to call his attention to it as dangerous:

3. There being no evidence of any structural defect in the walk, the evidence in the case was insufficient to charge the city with constructive notice that the walk was out of order; and, as there was no evidence of actual notice, it was error to submit the question of liability to the jury.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and Mc-COLLUM, JJ.

Statement of Facts.

No. 78 July Term 1889, Sup. Ct.; court below, No. 246 February Term 1885, C. P.

On February 2, 1885, Maria Burns brought case against the city of Bradford, to recover damages for personal injuries received by the plaintiff by a fall upon one of the sidewalks of said city. The declaration charged the city with negligence in suffering the sidewalk to be and remain in a dangerous and unsafe condition, in that a portion thereof was covered with snow and ice, and one side of it was upheaved several inches above the other. The defendant pleaded not guilty.

At the trial on November 20, 1888, the following facts were shown upon the part of the plaintiff:

One evening early in March, 1883, the plaintiff, then about thirty-three years of age, while passing along Pearl street in Bradford, slipped and fell upon the sidewalk, receiving permanent injuries to her right ankle. The walk upon which she fell was built of plank, and was about four feet in width. The plaintiff had passed over it twice, a few days prior to her accident, and at that time noticed nothing wrong with it. She testified that the evening on which she was injured was not very dark, and she thought it was a bright starlight night; that it had snowed a little in the afternoon, and had been a little muddy, but in the evening it got colder; that she went up the street on an errand and passed over this sidewalk without noticing any tip in it; that as she was returning down the street, her foot slipped while upon the walk and she fell, breaking a bone in her ankle; that, while lying on the walk awaiting the coming of assistance, she observed the condition of the walk and noticed that it tipped toward the roadway of the street, the inside edge of it being over a foot higher than the edge on the side next the roadway; and that she had never noticed this, and had paid no attention to it, before her fall. The plaintiff testified, also, that she was unable to say whether there was any snow or ice upon the walk.

Mrs. Elizabeth Fitzpatrick testified for the plaintiff that the witness saw the plaintiff, at the latter's house, on the evening of her injury, and was told by her where the accident had occurred; that the witness had passed over the same sidewalk, and had fallen at the same place, two or three weeks before

Charge of Court below.

the plaintiff's fall, and that the walk at that time tipped to the roadway, the side toward the fence being nearly a foot higher than the side toward the roadway. W. J. Alexander, a witness for the plaintiff, testified that he was one of the persons who helped to carry the plaintiff to her home after her injury, and described her situation and apparent condition just after her fall. On cross-examination, he testified, further, that there was nothing about the sidewalk that attracted his attention to it as being dangerous in any way. Other testimony for the plaintiff tended to show that Pearl street was very much traveled.

The defendant recalled W. J. Alexander, and called L. D. Crandall, the other person who assisted in carrying the plaintiff home after her injury, and several other witnesses who were in the habit of using Pearl street. The testimony of these witnesses tended to prove that, at the time of the plaintiff's injury, the sidewalk did not tip toward the roadway in the manner described by her, but that it was nearly level from side to side, the outer edge of it having been raised by the frost a little higher than the edge next the fence, and the difference in level between the two not being more than three or four inches ; that it was in good and substantial repair, and there was nothing about it to attract attention as unsafe ; and that there were level spaces, sodded over, on each side of the planks, upon which there was room for a person to walk.

At the close of the testimony the court, OLMSTED, P. J., charged the jury respecting the duty of the city to keep the sidewalks in repair ; submitted to them the disputed questions of fact arising upon the testimony ; instructed them that if the walk was in the condition described by the plaintiff and Mrs. Fitzpatrick, and had been in that condition for two or three weeks, the plaintiff would be entitled to recover, unless she stepped on it with knowledge of its condition ; stating for the guidance of the jury the rule governing the measure of damages. Among other points presented to and answered by the court, was the following point of the defendant:

1. There is no such evidence of actual or constructive notice of the dangerous condition of the walk as would render the city liable for the injury accruing thereon, and your verdict must be for the defendant.

Answer: We cannot affirm this point. It asks us to withdraw the case from the jury. We think there is some evidence in the case that should be submitted to the jury upon this question.[4]

The jury returned a verdict for the plaintiff for $2,000. The plaintiff having remitted the sum of $800, in accordance with a condition prescribed by the court, a rule for a new trial was discharged, and judgment entered in favor of the plaintiff for $1,200. Thereupon the defendant took this appeal, assigning for error, inter alia:

4. The answer to the defendant's point.[4]

*Mr. G. L. Roberts* and *Mr. M. F. Elliott* (with them *Mr. D. H. Jack*, City Solicitor), for the appellant:

1. There was no evidence at all of actual notice to the defendant that the walk was out of repair, and no evidence that the walk was in such condition that constructive notice could be presumed. From the testimony of the plaintiff herself it is evident that the walk, when she first passed over it on the evening of her accident, could not have been in the condition described by Mrs. Fitzpatrick; for no reasonable being could pass over a sidewalk four feet wide, and tipped so that one side was a foot higher than the other, without noticing it. A walk in that condition would incline at an angle of from thirty to forty degrees. The fair inference from the plaintiff's testimony is that its condition changed between the time she went up the street and the time she came back. This is certainly a much fairer inference than the one submitted to the jury. The action of frost is quick, and the condition of the walk might have changed in that short time.

2. To visit the city with notice of the alleged defect, something more is necessary than the naked testimony of two persons, who say they fell at a certain point, at times three weeks apart. To make the city responsible, the defect must be so notorious as to be obvious to all who had occasion to pass over the walk: Rapho v. Moore, 68 Pa. 404; Mauch Chunk Bor. v. Kline, 100 Pa. 119; Otto Tp. v. Wolf, 106 Pa. 608; 2 Dillon on Mun. Corp., 1052, note; New York v. Sheffield, 4 Wall. 189. There is no evidence of such a defect. The testimony

shows that a large number of people were in the habit of using this walk regularly, and not one of them is called to show that it was in a defective condition. The plaintiff passed over it on a bright, clear evening, one half hour before she was injured, and it was not at that time in such a condition that she noticed its dangerous character. How, then, can the city be charged with constructive notice? If it was in such a condition that the city was bound to notice it, then the plaintiff was guilty of contributory negligence, as the testimony shows that she could have avoided the walk: Crescent Tp. v. Anderson, 114 Pa. 643; Erie City v. Magill, 101 Pa. 616; Dehnhardt v. Philadelphia, 15 W. N. 214.

*Mr. Eugene Mullin* (with him *Mr. J. M. McClure*), for the appellee:

The accident occurred about the first of March. Bradford's latitude and elevation warrant the presumption that the condition of the sidewalk described by Mrs. Fitzpatrick was attributable to the action of the frost, and continued until after the time of the plaintiff's accident. If, then, this sidewalk was in the condition, described by Mrs. Fitzpatrick, for two or three weeks before the accident occurred, the defendant was visited with constructive notice thereof. It is not the law that the defect must be known to the public generally, in order to visit the city with constructive notice. It is sufficient if the defect be such that those who used the sidewalk might readily have observed it. A sidewalk four feet wide, with one side of it from four inches to a foot higher than the other, is defective to the extent referred to. The fact that a half dozen persons, of the hundreds who daily passed over it, did not observe the defect, ought to have no weight in determining the facts constituting constructive notice. The city was chargeable with notice of it, but the plaintiff was not; she was bound only to exercise reasonable care and prudence, and was not bound to have her mind directed at every moment to the condition of the sidewalks: Dillon on Mun. Corp., 1007.

OPINION, MR. JUSTICE McCOLLUM:

On "a bright and starlight evening" in March, 1883, Maria Burns, the appellee, slipped and fell on a plank sidewalk on

Opinion of the Court.

Pearl street in the city of Bradford, and on the second of February, 1885, brought this action, in which she alleges that her fall was caused by a defect in the walk and claims, compensation from the city for the injury she received in consequence of it. The controlling questions in the case are whether her negligence contributed to the injury, and whether the city had notice of the alleged defect in the walk.

The walk was four feet wide, and there was no structural defect in it. Its material was substantial and sound; the stringers were of the proper size and well laid, and the planks were securely nailed to them. It is charged in her declaration "that a portion of said sidewalk was covered with snow and ice, and one side thereof was several inches higher than the other." As there was no evidence of any accumulation of snow and ice upon it, that part of the charge is eliminated from the case. The appellee testified that at the point where she fell, the walk on the side next to the fence was a foot higher than on the side next to the road, so that it descended towards the road in the degree of one foot to four. If her description of the walk was correct, it is evident that the stringers on the side next to the fence had been raised a foot by the action of the frost, while the stringers on the opposite side remained in place. But, in her description of the condition of the walk at the time of the accident, she was not sustained by a single witness in the cause. The persons who came to her aid when she fell and who were called to testify in her behalf, did not observe any defect in the walk, or hear any complaint from her, or others present, respecting it. A Mrs. Fitzpatrick, however, testified that between two and three weeks previous to the accident, she had fallen on a walk on Pearl street, which was then in exactly the same condition as the walk described by the appellee; that she had not seen the walk since, but from information she had received from the latter she knew that they fell on the same walk and at the same place.

It is obvious that a walk, in such a condition as testified to by these witnesses, was dangerous, especially so when it was wet, or when there was any snow or ice upon it. No person could pass over it without discovering its condition, and any person who had notice of that, and received an injury in attempting to go over it, when he might have passed safely on

Opinion of the Court.

the level space between the walk and the ditch, would be held guilty of contributory negligence: Erie City v. Magill, 101 Pa. 616. The appellee had been over this walk half an hour before she fell upon it, and twice within a day or two previous to that time, and she testified that she never noticed any defect in it until after her fall. The only person who described the condition of the walk as dangerous, at any time previous to that, was Mrs. Fitzpatrick. It is admitted that the city had no actual notice of any defect in it, but it is claimed that this evidence is sufficient to charge it with constructive notice that the walk was out of repair and unsafe. A municipal corporation is not an insurer against all defects in its highways, but it is answerable for negligence in the performance of its duties in the construction and care of them. For a defect arising in them, without its fault or neglect, it is not liable, unless it has express notice, or the defect be so notorious as to be evident to all passers. If a defect is such that it is discovered by only one of a thousand or more persons who pass it in the ordinary pursuit of business or pleasure, can it be said to be notorious, or such a defect as the municipality is bound to take notice of? We think not.

It is a fact well known to the inhabitants of all our municipalities that the sidewalks, whether of plank or stone, are liable in the winter to be thrown out of level by the action of the frost, and in the spring, when the frost is out of the ground, to settle to their former positions. It is not necessary or practicable that for every slight deviation of the walks from their original level they should be taken up or relaid while the ground is frozen, nor would the comfort and safety of pedestrians be promoted by such action. Aside from the evidence of Mrs. Fitzpatrick, there is nothing in the case to show that the walk was unsafe or out of repair, prior to the appellee's fall upon it. If the condition described by Mrs. Fitzpatrick once existed, there is no room, in the presence of the testimony of the appellee and all the other witnesses in the cause, for a presumption that it continued. We think the evidence is insufficient to charge the city with notice of any defect in the sidewalk in question, and we sustain the fourth specification of error.

                                        The judgment is reversed.