# Wytheville.

## CITY OF PORTSMOUTH v. HOUSEMAN.

### June 10, 1909.

### Absent, Keith, P.

1. APPEAL AND ERROR—*Weight Given to Verdicts—Verdict Contrary to Law.*—The jury are the triers of the facts, and also determine the credibility of the witnesses and the weight to be given to their testimony, and their findings of facts are entitled to great respect, especially when approved by the trial judge, but when the facts as found by the jury do not warrant their verdict, and the verdict is plainly against the law, it will be set aside on a writ of error from this court, and a new trial awarded.

2. MUNICIPAL CORPORATIONS—*Defective Streets—Constructive Notice—Repairs—Reasonable Time.*—A city is not an insurer of the safety of persons passing along its streets and sidewalks. It cannot be held liable in damages for an injury resulting from a defect in one of its streets or sidewalks unless it is shown that it was negligent in not repairing such defect within a reasonable time after it knew or should have known of such defect; and what is a reasonable time is a mixed question of law and fact. It is not an arbitrary right of the jury to say what is such reasonable time, but this question is to be determined from the evidence under proper instructions from the court. In the absence of all evidence of actual notice, it cannot be said that because a lid over a catch basin which had slipped eight or nine inches had so remained from twelve o'clock in the day till nine o'clock at night was sufficient to give the city constructive notice of the defect.

3. MUNICIPAL CORPORATIONS—*Defective Sidewalks—Constructive Notice—Evidence—Failure to Call Important Witness.*—It will not be presumed that the officers of a city charged with the duty of observing and reporting defects in city sidewalks neglected their duty from the fact that a patrolman on the beat where

an accident occurred, and who was still in the employment of the city, was permitted to go beyond the jurisdiction of the court without testifying. When constructive notice of a defect in a city sidewalk is relied on, it is necessary to allege and prove by a preponderance of evidence the facts from which the notice may be reasonably presumed.

Error to a judgment of the Hustings Court of the city of Portsmouth in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*John W. Happer* and *Frank L. Crocker,* for the plaintiff in error.

*Jeffries & Lawless* and *Daniel Coleman,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

Defendant in error, plaintiff below, instituted this action to recover of plaintiff in error, defendant below, damages for injuries alleged to have been sustained by her as the result of the negligence of plaintiff in error in not keeping its sidewalks in a reasonably safe condition for the use of pedestrians thereon.

At the second trial of the case, the jury rendered a verdict and the court entered judgment thereon against the city for $2,500 damages; and we are asked to review and reverse that judgment on the ground that the verdict was contrary to the law and the evidence.

At the northwest corner of Columbia and Middle streets, where the alleged injuries to defendant in error were sustained, as at each of the corners at the intersection of these streets, and at other such localities in the city, the curbing of the sidewalk

is in form circular, and at the bottom of the curbing is an opening as an outlet conducting the water from the street into the sewer under the sidewalk, the water reaching the opening in the curbing through a basin, the lower edge of which is at the bottom of the opening in the curbing and the top edge about level with the street. Just inside of the curbing of the sidewalk there is what is called a catch-basin, set back about 18 or 20 inches from the point of the curbing, these catch-basins being 36 x 42 inches, and as a covering there is an iron lid or plate which when in place makes the top of the catch-basin level with the sidewalk; and this lid or plate is only removed or displaced by the employees of the city in order to clear the sewer of obstructions to the free passage of the water into and through the sewer, and to handle this lid or plate two men are required, and when taken off an opening is left in the top of the basin about 18 x 28 inches and about 9 inches deep. There were electric street lights at each corner of the intersections of other streets with Columbia and Middle streets only one square away from the intersection of Columbia and Middle streets.

This action was brought only a day or two before it would have been barred by the statute of limitations, and after the declaration was, by leave of court, twice amended, the first amendment at the April term of the court, 1905, fixing the accident to defendant in error as of October 27, 1903, instead of September 27, 1903, as originally alleged; and the second amendment fixed the point of the accident at the northwest corner of the intersection of Middle and Columbia streets, instead of at the southeast intersections of these streets, as originally alleged.

At the second trial, which did not take place until April 21, 1908, nearly five years after the alleged accident, the evidence on behalf of defendant in error as to the facts and circumstances under which she was hurt and the extent of her injury is, in substance, as follows:

Defendant in error, a lady about 58 years of age, had been

staying in Portsmouth about four weeks, and on the night of this accident she had been attending a religious service in a hall at the intersection of South and Middle streets, and while returning home about 9 o'clock at night, walking arm in arm with another lady, she fell into a "man-hole" on the sidewalk. In company with her at the time was the husband and the eleven-year-old daughter of the lady with whom she was walking, all of whom corroborate, in the main, her statement as to the manner of the happening of the accident. She states that the place was at the time dark, and this is the only contradiction of the evidence on behalf of the city, that the electric lights at the four corners of intersecting streets a square away were sufficient to light the street at the point of the accident.

We shall regard the injuries sustained by defendant in error as settled by the verdict of the jury, and will consider the only question in the case for determination, viz.: If the facts testified to with respect to the negligence of the city, which it is alleged caused the injury to defendant in error, be accepted as true, do those facts constitute such negligence on the part of the city that the jury were warranted in finding the verdict complained of? In other words, do the facts testified to with respect to the city's negligence render it liable in law to defendant in error for her alleged injuries?

The only instruction asked by defendant in error and given by the court dealt in a general way with the right of a pedestrian upon the streets of a city to presume that the city has done its duty in keeping its sidewalks in order, etc., and that a pedestrian exercising ordinary care in walking on a sidewalk is not required to anticipate danger or to be on the lookout for its existence, etc.; while the instructions for the city (plaintiff in error) rightly also told the jury the degree of evidence required to prove the negligence of the city; that if there was a sufficient safe space on the sidewalk at the point mentioned in the declaration for defendant in error (plaintiff) to have passed in safety by the use of ordinary care on her part, she should

have taken the safe route; and emphasized the established principle of law, that to entitle defendant in error to a verdict for damages, she had to prove that the iron cover on the catch-basin where she alleged she sustained the injury was removed sufficiently for her to have fallen in the hole; that she did fall into it; and that this iron plate had been removed by the city, or with its knowledge, actual or constructive; and further explained to the jury that by constructive knowledge is meant that the hole in the sidewalk was so open and notorious for such a length of time before the injury that the city, by its officers and agents, should have acquired knowledge of it and repaired the defect before this accident occurred.

In our view of the case, conceding that the story of defendant in error's witness, Gilbert, as to the catch-basin being open and left open on the day of the accident, be true, the question of law for this court's determination is as stated above.

Gilbert's statement, made nearly five years after the alleged accident to defendant in error, is that on the day of the accident he was in Portsmouth to buy some furs from a colored man who attended to the Catholic cemetery; that as he passed the northwest corner of Middle and Columbia streets, about 12 o'clock M., he saw the covering of the catch-basin there was slipped eight or nine inches; and that this covering was still so slipped when he returned in the afternoon about 3 or 4 o'clock.

Middle street is shown to be one of the principal streets leading to the city market, and is traveled by large numbers of persons every day, and the only witness produced by defendant in error to testify that the covering was off the catch-basin in question, or displaced, is this witness, Gilbert, who was then a citizen of Norfolk and had been in Portsmouth only once or twice before.

We fully recognize that the jury are the triers of the facts and are the judges as to the credibility of witnesses and the weight to be given their testimony; and we also recognize the

established rule, that the finding of the facts by the jury is entitled to great respect, and the refusal of the trial judge to interfere with the jury's finding is entitled to great weight with an appellate court in determining whether or not the judgment should be reversed; but when it is seen, as in this case, that the facts as determined by the jury do not in law fix actionable negligence upon the defendant, and that the jury's verdict in favor of the plaintiff is plainly against the law, it is the duty of this court upon writ of error to reverse the judgment of the trial court, set aside the verdict, and direct a new trial of the case.

A city cannot be held liable in damages for an injury resulting from a defect in one of its streets or sidewalks, unless it is shown that the city was negligent in not repairing such defect within a reasonable time after it knew or should have known of such defect; and what is a reasonable time is a mixed question of law and fact. It is not an arbitrary right of the jury to say what is a reasonable time within which repairs to a street should have been made, although they may from the facts and circumstances which the evidence in a particular case tends to prove, be warranted in finding that the street or sidewalk was in a defective condition, and that the accident was due to such defect. The city only becomes negligent after a reasonable time has elapsed within which its duty to make its streets and sidewalks reasonably safe could have been performed; then it becomes a fact to be ascertained by the jury upon proper evidence and proper instructions as to the law bearing upon the evidence. Still if the jury upon insufficient evidence finds the city liable for an injury, the verdict cannot be sustained. *City of Richmond* v. *Mason* (just decided by this court and not yet officially reported), *ante,* p. 555, 63 S. E. 8, and the authorities there cited. See also *Taylor* v. *Yonkers,* 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492; *Newport News* v. *Scott,* 103 Va. 794, 50 S. E. 266; *Noble* v. *City of Richmond,* 31 Gratt. 271, 31 Am. Rep. 726; *Burns* v. *City of Bradford,* 137 Pa. 361, 20

Atl. 997, 11 L. R. A. 726; *Carom* v. *St. Louis*, 151 Mo. 334, 52 S. W. 210.

Upon the brief for defendant in error we are cited to a number of cases discussing and deciding as to the degree of proof required to warrant a jury in finding that the injury sued for was the proximate result of the defendant's negligence, etc., but the argument based upon those authorities loses sight of the essential feature in all cases in which damages may be recovered for an injury, viz., the *negligence* of the defendant as the proximate cause of the injury. Where there is evidence sufficient to fix upon the defendant actionable negligence, then the question whether or not it was the proximate cause of the injury becomes purely a question of fact for the determination of the jury; but where, as in this case, the jury have seen fit to disregard the instructions of the court, and have ascertained by their verdict, upon wholly insufficient evidence, that the city was guilty of negligence rendering it liable in damages, it was the duty of the trial court to set the verdict aside because contrary to the law and the evidence.

Of the five instructions rightly given for plaintiff in error, the third is as follows: "The court instructs the jury that to entitle the plaintiff to a verdict in this action, she must not only prove that the iron cover on the catch-basin was removed sufficiently for her to have fallen in the hole and that she did fall into the said hole, but they must further believe from the evidence that the said iron plate was removed by the defendant or with its knowledge, actual or constructive; and by such constructive knowledge is meant that the said hole was so open and notorious for such a length of time before the injury that the defendant, by its proper officers, exercising reasonable diligence, should have acquired knowledge of it."

There is not a semblance of evidence in this case tending to prove that the city's officers or agents opened the catch-basin on the day of this accident, or that the city or either of its officers or agents had actual knowledge of it having been left

open; but upon the evidence alone of the witness, Gilbert, testifying under the circumstances stated, that he saw the covering of the catch-basin slipped eight or nine inches at about 12 o'clock M., and again between 3 and 4 o'clock P. M., the verdict of the jury in effect finds that the city should have known that this covering of the catch-basin was so slipped and had it put back in its proper place before 9 o'clock that night, the hour at which this accident occurred, and that finding too in the face of the testimony of four reputable citizens, examined as witnesses for the defense, three of whom state positively that there was no opening in the top of the catch-basin at the time Gilbert says there was, and all say that if there had been such an opening as Gilbert said there was, they would certainly have observed it; and one of these witnesses had passed that point eight times on the day of this accident, and another, Mrs. Martin, lived in the house at the northwest corner of Columbia and Middle streets, within thirty feet of this catch-basin, and kept watch, she says, of the condition of the street near her house for the reason that her little children often played therein.

We can attach no importance to the argument of counsel for defendant in error that because it was "shown by the city's chief and assistant chief of police and a patrolman that the scene of the accident was within the beat of one of the patrolmen, who, although in the city's employment, was permitted to go beyond the jurisdiction of the court without testifying," etc., it should be presumed that the officers of the city charged with the duty of observing and reporting defects and obstructions in the street neglected their duty, etc. In the first place, negligence cannot in any case be presumed from the absence of evidence, but when constructive notice is relied on it is necessary to allege and prove by a preponderance of satisfactory evidence facts upon which the notice may be reasonably presumed; and in the second place, such a presumption as is argued for here could not be drawn in the face of the positive proof of the witnesses to whom we have referred that the covering

on the catch-basin was not slipped, as stated by Gilbert, relied on to prove that essential fact, and that it could not have been slipped as he said without being observed by these witnesses.

In our view of the case, conceding that the jury had the authority to disregard the testimony of all the witnesses for plaintiff in error conflicting with that given by Gilbert, and to accept his statement ·as true, the facts testified to by Gilbert do not in law make a case of actionable negligence essential to a recovery of damages in the case; and, therefore, the verdict rests solely upon evidence plainly insufficient to support it. Where that is the case, the appellate court, says the opinion by Whittle, J., in *A. C. L. R. Co.* v. *Watkins,* 104 Va. 154, 51 S. E. 172, will not hesitate to set the verdict aside. See also the authorities cited in that case, and *City of Richmond* v. *Mason, supra,* and other cases cited above.

In *Newport News* v. *Scott, supra,* the court approved the following instruction: "A city is not an insurer against accidents upon its streets, and in order to hold it liable for defects therein it must be shown that the city had actual or constructive notice of the defect which caused the accident, and had reasonable time to repair it or guard against any accident that might reasonably be expected to result therefrom, after having such notice; and that by constructive notice is meant that the defect by which the injury is alleged to have been caused had been so open and notorious and continued for such a length of time before the injury that the city, by its proper officers, exercising reasonable diligence, should have acquired knowledge of such defect.".

In *Burns* v. *City of Bradford, supra,* the facts out of which the action arose are quite similar to the facts of this case, and the Supreme Court of Pennsylvania said: "A municipal corporation is not an insurer against all defects in its highways, but it is answerable for negligence in the performance of its duties in the construction and care of them. For a defect arising in them without its fault or neglect, it is not liable, unless it has express notice, or the defect be so notorious as to be evident

to all passers. If a defect is such that it is discovered by only one of a thousand or more persons who pass it in the ordinary pursuit of business or pleasure, can it be said to be notorious, or such a defect as the municipality is bound to take notice of? We think not."

The uncontradicted evidence is this case is that a thousand or more persons, in the ordinary course of things, must have passed on the day of this accident along Columbia and Middle streets at the point of this accident, and only Gilbert saw the opening in the catch-basin; and it is further shown that defendant in error was not lacking in diligence to find other persons who could testify to that fact, but produced none.

It will not do to say "that the heavy east iron of the man-hole was removed by the street hands of the city," as shown by the circumstantial evidence precluding any other theory, and, therefore, "the jury might well have so found under all the facts and circumstances." Not only is there no positive proof of that fact, as is admitted, but there is not a fact or circumstance testified to that could have warranted the jury in reaching such a conclusion. So that the verdict of the jury has to be justified, if at all, upon the theory that from 12 o'clock M. to 9 o'clock P. M. was sufficient time to warrant the jury in imputing to the city constructive knowledge that the covering on the catch-basin at the northwest corner of the intersection of Columbia and Middle streets was slipped 8 or 9 inches, and negligence in not having it replaced in time to have prevented the accident to defendant in error. We have already adverted to the view taken by this court in *City of Richmond* v. *Mason, supra,* and discussed the well recognized principles of law applicable to such cases.

To hold in this case that plaintiff in error was guilty of such negligence in not replacing the covering of the catch-basin, which Gilbert says he saw slipped 8 or 9 inches between 12 o'clock M. and 9 o'clock P. M., as rendered it liable in damages to defendant in error for the injuries which she alleges she

sustained from slipping into this opening, when it is not claimed that plaintiff in error had actual notice of the opening, and only one of the thousand or more persons passing by it the day of the accident saw the opening, would be little, if any, short of subjecting a municipal corporation to a liability as an insurer against all defects in its highways.

We are of opinion that the judgment of the circuit court complained of is erroneous, and therefore it will be reversed and annulled, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed.*