PRESENT:  All the Justices

CITY OF RICHMOND

v.  Record No. 011742   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                      June 7, 2002
JUNNE-ANNE HOLT

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

In this appeal of a judgment in favor of a plaintiff in a

personal injury action, the primary issue is whether the

evidence was sufficient to establish constructive notice to a

municipality of a defect in a municipal right-of-way adjoining a

public street.

We state the evidence in the light most favorable to the

plaintiff, Junne-Anne Holt, the prevailing party in the trial

court.  Tashman v. Gibbs, 263 Va. 65, 68, 556 S.E.2d 772, 774

(2002); City of Bedford v. Zimmerman, 262 Va. 81, 83, 547 S.E.2d

211, 212 (2001).  At a jury trial, the evidence showed that Holt

sustained injuries when she fell after stepping into a hole in a

"grassy area" located near the curb of a public street.  The

grassy area was within the boundaries of a right-of-way

adjoining the street, and was owned and controlled by the City

of Richmond (the City).

About 9:00 p.m. on October 28, 1997, Holt left her church

at the intersection of Oakland Avenue and Columbia Street.  She

crossed Oakland Avenue and walked along Columbia Street to

return to a car driven by her friend, Evelyn Hyde, who had taken Holt to church.  Because there was no "off-street" parking available for those attending the church, Hyde parked her vehicle one block from the church on Columbia Street.

The church was located on a city block that was bordered by a paved sidewalk.  Although the adjacent block where Hyde parked her vehicle did not have a paved sidewalk, a crosswalk connected the two blocks for use by pedestrians crossing Oakland Avenue.  This crosswalk led directly to the grassy area along the curb of the block where Hyde parked her vehicle.

It was dark outside as Holt walked along Columbia Street to Hyde's vehicle.  Holt was holding in her arms her ten-month-old grandson, her coat, her purse, and a diaper bag.

Holt walked in front of Hyde's car and stepped onto the grassy area alongside the curb to enter the vehicle through a passenger-side door.  As Holt entered the grassy area, she stepped into a hole and fell to the ground.  The hole was four to six inches deep and covered Holt's foot up to her ankle.  The hole had some grass growing in it and was located about two to five feet away from the curb.  As a result of her fall, Holt sustained various injuries, including fractures to both her legs.

Holt filed a motion for judgment against the City alleging, among other things, that she was injured as a result of the

City's negligence.  At trial, she testified that she had attended church in the same location for about 15 years, and that she was not aware of the hole before her fall.  Holt stated that she never parked on the side of the street where the hole was located.  She further testified that when she stepped into the hole she was not looking "[a]nywhere in particular."

Erika L. Holliday, a member of Holt's church for about 19 years, testified that church members regularly walked in the grassy area where the hole was located when they parked along that section of Columbia Street.  Holliday stated that she personally observed a person trip "over the hole" between eight months and one year before Holt's fall.  Holliday further testified that the hole could not be seen in the dark because it was shallow and grass had begun to grow in the hole.  She stated that the hole resulted from the removal of a mailbox at that location between three and five years before Holt's fall.

Barbara J. Welch, who also attended Holt's church, testified that both her children had tripped and fallen in the hole two or more years before Holt fell.  Welch stated that the hole "had grass on it, and you really didn't know it was there until you got there."  She also stated that the church members regularly walked over the grassy area where the hole was located.

Ray Bohannon, the Maintenance and Claims Examiner for the City's Department of Public Works, testified that the City did not have any procedures for routinely inspecting its sidewalks and pathways. He also testified that the City provided maintenance to Oakland Avenue and Columbia Street because they are public streets. At the conclusion of Holt's case, the City made a motion to strike the evidence, which the trial court took under advisement.

The City presented the testimony of Ethel A. Williams, who had attended Holt's church for about 25 years. Williams testified that she occasionally parked her vehicle near the area where Holt fell, and that she had not seen the hole before Holt's accident. Williams also testified that a public mailbox was previously located in the general area where Holt fell.

After resting its case, the City renewed its motion to strike the evidence. At that time, the following exchange occurred between the City's counsel and the trial court:

> THE COURT: I'll take it under advisement. Your motion is that they haven't proved notice or any reason to know of the condition; right?
>
> COUNSEL: And we don't agree that this area–in this area, there was the kind of duty to–
>
> THE COURT: I assume that. Now, you have your record clear.
>
> COUNSEL: Yes, sir.

THE COURT: Your motion is taken under advisement.

The jury returned a verdict in favor of Holt, awarding her damages in the amount of $125,000 plus interest from the date of the accident. The City moved to set aside the verdict on various grounds, including that the evidence was insufficient to show that the City had constructive notice of the hole. The trial court denied the motion and entered judgment on the jury verdict. The City appeals from this judgment.

The City first argues that the evidence was insufficient as a matter of law to support the jury verdict. The City contends that Holt failed to prove that 1) the grassy area where Holt fell was intended by the City for use as a public way by pedestrians, and 2) the City had either actual or constructive notice of the hole where Holt fell.

In response, Holt argues that the City failed to preserve for appeal the issue whether the City intended the grassy area to be used by pedestrians as a public way. On the issue of notice, Holt concedes that the City did not have actual notice of the hole, but contends that the evidence regarding constructive notice was sufficient to present a question for the jury's consideration. We agree with Holt's arguments.

A municipality is required to exercise reasonable care to maintain in "a safe condition for passage such public ways as are opened and intended by the municipality for general use, and

5

over which the municipality exercises or may exercise full control, for their entire width.  The invitation on the part of the municipality to use such ways imposes the obligation." City of Norfolk v. Travis, 149 Va. 523, 528-29, 140 S.E. 641, 642 (1927); see also Votsis v. Ward's Coffee Shop, Inc., 217 Va. 652, 654, 231 S.E.2d 236, 237 (1977); Dockery v. City of Norton, 204 Va. 752, 754, 133 S.E.2d 296, 298 (1963); Wray v. Norfolk & W. Ry. Co., 191 Va. 212, 221, 61 S.E.2d 65, 70 (1950).  However, before a municipality can be held liable for injuries resulting from a defect in the condition of a public way, the municipality must have actual or constructive notice of the particular defect that gave rise to the injury.  City of Virginia Beach v. Roman, 201 Va. 879, 882-84, 114 S.E.2d 749, 752-53 (1960); West v. City of Portsmouth, 196 Va. 510, 513-15, 84 S.E.2d 503, 505-07 (1954); Travis, 149 Va. at 534-35, 140 S.E. at 644; see Commonwealth v. Coolidge, 237 Va. 621, 623-24, 379 S.E.2d 338, 340 (1989).

We conclude that the City failed to preserve for appeal the issue whether the City intended the grassy area where Holt fell to serve as a public way for pedestrians.  First, in its motion to strike made at the conclusion of Holt's evidence, the City did not raise this issue.  Second, at the end of its own case, the City asked that the evidence be struck because Holt failed to prove that the City had notice of the defect where she fell.

The City's counsel also stated, "And we don't agree that this area—in this area, there was the kind of duty to—"  This statement, however, did not inform the trial court that the City considered the evidence insufficient as a matter of law to show that the grassy area was intended by the City to serve as a public way for pedestrians.  Thus, the above statement by the City's counsel was insufficient to preserve the City's argument for appeal.  See Rule 5:25.

We also observe that after the City failed to argue that the evidence was insufficient as a matter of law to show that the grassy area was intended for use as a public way by pedestrians, the City effectively agreed to submit this issue for the jury's consideration when it agreed to Instruction No. 7.  That instruction provided that the jury was required to return its verdict for Holt if she proved, among other things, "that the place of such defective condition was intended by the City as a public way for the use of pedestrians."  Therefore, under the law of the case, this issue was properly before the jury for its determination.

We next consider whether the evidence was sufficient to establish that the City had notice of the hole where Holt fell.  Because Holt concedes that the City did not have actual notice, we consider only the evidence of constructive notice relating to that defect.

7

A municipality has constructive notice of a defect in a public way adjoining a street when the defect has existed for such a period of time that the defect could have been discovered by the exercise of ordinary care. See Roman, 201 Va. at 884, 114 S.E.2d at 753; Erle v. City of Norfolk, 139 Va. 38, 40, 123 S.E. 364, 364 (1924); 19 Eugene McQuillin, The Law of Municipal Corporations §§ 54.109 to .110 (3d ed. rev. vol. 1994). Thus, to establish constructive notice, a plaintiff ordinarily must prove that the defect causing the injury existed over a length of time sufficient to establish that "reasonable diligence" would have led to its discovery. See Roman, 201 Va. at 883, 114 S.E.2d at 752; West, 196 Va. at 514, 84 S.E.2d at 506; City of Portsmouth v. Houseman, 109 Va. 554, 562-64, 65 S.E. 11, 14-15 (1909); 19 McQuillin, supra, §§ 54.109 to .110.

In the present case, the hole where Holt fell was clearly visible in several photographs of the grassy area admitted into evidence. The hole was located a few feet from the curb within the public street right-of-way in an area that witness Holliday described as "well-traveled," and that witness Welch characterized as "regularly used" by church members.

A crosswalk established by the City led directly to the grassy area and, thus, implicitly invited pedestrians to use that area as a public way. Also, at the curb adjoining the grassy area, public parking was permitted. Persons entering and

8

exiting vehicles through doors situated next to the curb were required to step into the grassy area. Despite the regular usage of this area by the public for pedestrian travel, the City did not conduct any routine inspections for defects or hazards at that location.

The evidence also established that the hole was between four and six inches deep and of such a size that Holt's foot sank into the hole up to her ankle. Although there was evidence that some grass growing in the hole partially obscured it from observation, Holliday and Welch both stated that the hole could be seen if one looked directly down to the ground where the hole was located.

According to Welch, the hole had existed for two or more years before Holt's fall. The apparent source of the hole was the removal of a mailbox at that location. Thus, the jury could have concluded that the hole was of such a size that the City could have discovered the defect by the exercise of reasonable diligence at any time over a two-year period. Based on the above evidence, and the reasonable inferences deducible from that evidence, we conclude that the evidence of constructive notice was sufficient to raise a question for the jury's determination.

The City argues, nevertheless, that Holt was guilty of contributory negligence as a matter of law. We do not reach the

9

merits of this issue, because the City did not move to strike Holt's evidence on this ground and agreed that the issue of Holt's negligence should be submitted to the jury.

During discussion of the City's proposed jury instruction addressing the issue of contributory negligence, Holt's counsel asked, "What was the evidence of contributory negligence?" The City's counsel responded, "[Holt] never bothered–she wasn't looking anywhere in particular. I think the jury can clearly find this." Based on this statement, the instruction tendered by the City, and the City's failure during trial to assert that Holt was guilty of contributory negligence as a matter of law, we conclude that the City waived this argument for purposes of appeal.[*] See Rule 5:25.

For these reasons, we will affirm the trial court's judgment.

Affirmed.

_____

[*] The City also challenges the trial court's rulings concerning certain jury instructions. We do not reach the merits of the City's argument regarding the court's decision to grant Instruction No. 13, to refuse Instruction N, and to modify Instruction L, which was given to the jury as Instruction No. 12. The City failed to state an objection with reasonable clarity regarding these instructions. See Rule 5:25. Although the City objected to the trial court's refusal of Instruction G, the trial court did not err in refusing this instruction because the principles set forth therein were adequately addressed by three other instructions, namely, Instruction Nos. 1, 7, and 12.

10