## Ivicic v. Best Buy Inc.

*John R. Miller* and *Julia R. Cronin,* for plaintiffs.
*Trisha A. Zaken,* for defendants.
*Michael A. Boomsma,* for additional defendant.

GRINE, *J.,* January 6, 2006—Presently before this court is the motion for summary judgment of additional defendant Glenn O. Hawbaker Inc. against plaintiffs Joyce S. Ivicic and Charles J. Ivicic. Also before the court is the motion for summary judgment of defendants Best Buy Inc. and V-M A.S.C. Limited Partnership against additional defendant. A hearing was held on the matter on October 26, 2005.

Plaintiffs initiated this action against defendants by filing a complaint on or about October 8, 2003. Thereafter, defendants filed a praecipe for writ to join additional defendant and subsequently filed a joinder complaint on or about March 5, 2004. In their complaint, plaintiffs allege that plaintiff-wife was injured on November 9, 2001, when she tripped on uneven pavement in the parking lot of the Best Buy store in State College, Centre County, Pennsylvania. Specifically, plaintiffs allege, "as the plaintiffs exited the Best Buy store and walked across the macadam parking lot toward their vehicle, plaintiff Joyce S. Ivicic encountered a hidden uneven surface on the parking lot, which caused her to trip, stumble and fall, resulting in serious and permanent injuries[.]" Complaint 10/8/03, p. 2, ¶5. Plaintiffs further allege that the "uneven surface of the parking lot consisted of a 2-3 inch drop from the finished coat of macadam to an unpaved area which contained only a sub-base." *Id.* at ¶6. Plain-

tiff-wife claims she has suffered numerous injuries as a result of the fall, including injuries to her right hip, leg, knee, foot and ankle. *Id.* at ¶10. Plaintiff-husband has claims for loss of consortium. See generally, complaint 10/8/03.

Additional defendant contends that the parking lot does not pose an unreasonable risk to pedestrians. Specifically, to the extent that any elevation exists between the finished and unfinished portions of the parking lot, additional defendant argues that this alleged "defect" is trivial and insufficient to allow plaintiffs to recover.

Pursuant to Pennsylvania Rule of Civil Procedure 1035.2, "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law: (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The purpose of this rule is to "eliminate cases prior to trial where a party cannot make out a claim or a defense after relevant discovery has been completed." See *Miller v. Sacred Heart Hospital,* 753 A.2d 829, 833 (Pa. Super. 2000). Further, under subparagraph (2) of this rule, summary judgment is proper where the record contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to a jury. See Note to Pa.R.C.P. 1035.2.

In order to proceed on their complaint, plaintiffs must first establish facts sufficient to establish a prima facie case of negligence. *Rauch v. Mike-Mayer,* 783 A.2d 815, 823-24 (Pa. Super. 2001); Note to Pa.R.C.P. 1035.2. In order to establish the elements of a prima facie case of negligence, the plaintiffs must present evidence from which a jury could infer: (1) that defendants had an ordinary duty of care toward them; (2) that defendants breached this duty; (3) that the breach was the actual cause and a substantial factor in any of plaintiffs' injuries; and (4) that the plaintiffs suffered compensable harm.

The duty of a landowner toward a third party entering the land depends upon whether the entrant is a trespasser, licensee, or invitee. *Updyke v. BP Oil Company,* 717 A.2d 546, 549 (Pa. Super. 1998). A "business visitor," who falls under the category of an invitee, is an individual who enters the property of another upon invitation for a purpose directly or indirectly connected with business dealings with the owner of the land. *Id.* As a business visitor, a greater standard of care is owed; in fact, "[t]he duty owed to a business invitee is the highest duty owed to an entrant upon land." *Emge v. Hagosky,* 712 A.2d 315, 317 (Pa. Super. 1998). (citation omitted) Under this duty, "the landowner is under an affirmative duty to protect [business visitors] not only against known dangers but also against those which might be discovered with reasonable care." *Id.*

In proving a breach of duty owed to plaintiffs as business invitees upon defendants' property, defendants argue that plaintiffs must establish that the drop from the

finished coat of macadam to the unpaved area which contained only a sub-base is more than a "mere defect." See *Bosack v. Pittsburgh Railways Company,* 410 Pa. 558, 189 A.2d 877 (1963) (holding that a depression or an irregularity on a street may be so trivial to impose liability upon the owner or possessor of that property).

In *Breskin v. 535 Fifth Avenue,* 381 Pa. 461, 113 A.2d 316 (1955), the Pennsylvania Supreme Court held: "[w]hat constitutes a defect sufficient to render the property owner liable must be determined in the light of the circumstances of the particular case, and 'except where the defect is obviously trivial, that question must be submitted to the jury.' 'An elevation, depression or irregularity in a sidewalk may be so trivial that the court, as a matter of law, is bound to hold that there was no negligence in permitting it to exist. But there is a shadow zone where such question must be submitted to a jury whose duty it is to take into account all the circumstances.' . . . No definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression necessary to convict an owner of premises of negligence in permitting its continued existence." *Breskin,* 381 Pa. 461, 463-64, 113 A.2d 316, 318 (1955). (internal citations omitted)

The circumstances examined by the court should include, but are not limited to, amount of travel, actual location of the defect, type of material with which the pavement or walk is constructed, and nature of the irregularity. *Emmey v. Stanley Co. of America,* 139 Pa. Super. 69, 72, 10 A.2d 795, 797 (1940). Importantly, " 'The law does not require that sidewalks shall be as

free of defects, imperfections, irregularities, unevennesses, etc. as the floors of buildings, *a reasonably safe condition is all that is necessary.*' " *Id.,* 139 Pa. Super. at 74, 10 A.2d at 798, quoting *German v. McKeesport City,* 137 Pa. Super. 41, 48, 8 A.2d 437, 440 (1939). (emphasis added)

In several Pennsylvania Supreme Court cases, the defective condition of a sidewalk has been considered so slight or trivial as not to afford a basis for a finding of negligence or a failure to maintain the sidewalk in a reasonably safe manner, where the defective condition was caused by: (1) a ridge between or a difference in elevation of adjoining sidewalk blocks (see *Burns v. City of Bradford,* 137 Pa. 361, 20 A. 997 (1891)); or (2) holes, depressions, breaks, cracks, or elevations in general. See *McGlinn v. City of Philadelphia,* 322 Pa. 478, 186 A. 747 (1936). In those cases, the depressions or irregularities were found to be so slight that "the [court] properly held that the evidence was insufficient to submit the question of negligence to the jury." *Emmey v. Stanley Co. of America,* 139 Pa. Super. 69, 73, 10 A.2d 795, 797 (1940).

In *Cline v. Statler,* 34 D.&C.4th 289 (1997), the Adams County Court of Common Pleas held, after examining the same case law as cited above, that the duty of a party in defendants' situation "[does] not extend to making [a] sidewalk perfectly level or to remedy trivial defects." *Id.,* 34 D.&C.4th at 291. (citations omitted) The Common Pleas Court further held that the facts collected in the cases of *Bosack v. Pittsburgh Railways Co.,* 410 Pa. 558, 189 A.2d 877 (1963) and *German v. McKeesport City,* 137 Pa. Super. 41, 8 A.2d 437 (1939) "reflect hold-

ings that slight variations in grades will not, as a matter of law, sustain an action in negligence." *Cline,* 34 D.&C.4th 289, 291 (1997).

At her deposition, plaintiff-wife testified that she went to defendants' store at approximately 5 p.m. on November 9, 2001, with her husband and grandson for the grand opening of the store. Plaintiffs purchased a DVD player, and plaintiff-wife exited the store, carrying the DVD player box in front of her at waist level. Plaintiffs both testified that neither one of them observed the discrepancy between the heights of the macadam before plaintiff-wife fell. Defendants were aware of the defect, as additional defendant was asked to leave a portion of defendants' parking lot without a top of macadam due to anticipated wear and tear on the lot due to other construction projects on the lot adjoining defendants' store.

The facts of this case tend to show that there was an uneven surface, an approximate one- to three-inch drop from a finished coat of macadam to an unpaved area which contained a sub-base, in defendants' parking lot on the evening of November 9, 2001. The uneven surface appears to be located to the left front of the parking lot, just outside the main entrance to defendants' store. The length of the pavement joint delineating between the finished macadam and unfinished sub-base is approximately a little more than the width of two cars, side-by-side.

Although the sub-base was technically an unfinished area in that it had not yet been covered with a top coat of macadam, it was nonetheless a paved area, smooth and free of any cracks, stones, or loose pieces. Thus, the only

defect plaintiffs could possibly complain of is the one-three inch drop from the finished macadam to the sub-base. After carefully examining the facts and circumstances regarding plaintiffs' alleged injuries, this court finds that discrepancies of this kind are far more common, and therefore forseeable, on a sidewalk or roadway than on other surfaces, *e.g.,* a flight of stairs. The kind of "defect" found in the parking lot of defendants' property is the kind of condition that could be classified as a minor imperfection, that is, one reasonably anticipated on a traveled surface.

Likewise, this court finds that the standard and rationale delineated by the Supreme Court, Superior Court, and followed by the Courts of Common Pleas regarding slight variations in grades of sidewalks is similar and, therefore, applicable in cases involving slight variations in grades of parking lots. See *Burns,* 137 Pa. 361, 20 A. 997 (1891); *McGlinn,* 322 Pa. 478, 186 A. 747 (1936); *German,* 137 Pa. Super. 41, 8 A.2d 437 (1939); *Cline,* 34 D.&C.4th 289 (1997).

Here, photographs of the height difference between the finished portion and the sub-base show only a small deviation in levels. Other than the fact that the two sections do not meet on precisely the same plane, the parking lot is in good condition; there are no holes, breaks, cracks, or any other imperfections in the macadam portion or sub-base. As such, this court finds that defendants provided a reasonably safe parking lot surface to potential customers on the night of its grand opening on November 9, 2001. Further, considering the nature of the defect and its location, this court finds that the height

difference found in the pavement between the macadam surface and the sub-base is trivial, and that the slight variation in grade will not sustain an action in negligence by plaintiffs against defendants.

## ORDER

And now, January 6, 2006, after a hearing on the matter and a review of additional defendant's motion for summary judgment, defendants' motion for summary judgment, plaintiffs' response to motion for summary judgment of additional defendant, plaintiffs' response to motion for summary judgment of defendants, additional defendant's answer to defendants' motion for summary judgment and brief in opposition to defendants' motion for summary judgment, additional defendant's supplement to motion for summary judgment, plaintiffs' briefs in opposition to motions for summary judgment of additional defendant and defendants, and additional defendant's second supplement to motion for summary judgment, it is hereby ordered and decreed that additional defendant's motion for summary judgment against plaintiffs is granted, and defendants' motion for summary judgment against additional defendant is denied.

It is further ordered that plaintiffs' complaint is dismissed, with prejudice.

It is further ordered, as additional defendant's motion for summary judgment is granted, defendants' motion for summary judgment against additional defendant is hereby determined to be moot, and, therefore, denied.