**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1997**

DONALD BARUCH; EMILY BARUCH,

Plaintiffs - Appellants,

v.

STARWOOD HOTELS & RESORTS WORLDWIDE, INC., d/b/a Westin Alexandria; MARRIOTT INTERNATIONAL, INC., d/b/a Westin Alexandria; ALEXANDRIA TOWERS INVESTORS, LLC; HOST HOTELS & RESORTS, INC.; WESTIN HOTEL MANAGEMENT LP,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cv-00028-CMH-TCB)

Submitted: May 29, 2019                                    Decided: July 10, 2019

Before HARRIS and QUATTLEBAUM, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Ashley E. Strandjord, CHASENBOSCOLO INJURY LAWYERS, Greenbelt, Maryland, for Appellants.  Julia B. Judkins, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Baruch ("Donald") and his daughter, Emily Baruch ("Emily") (collectively, "the Baruchs"), appeal the district court's order granting summary judgment on their negligence action against the owners and operators of the Westin Alexandria hotel (collectively, "the Hotel") in Alexandria, Virginia. The instant dispute arose after Emily was stuck in her buttock by the tip of a hypodermic needle found under the covers of her hotel bed shortly after checking into her room. The district court concluded that, because the Baruchs failed to show that the Hotel was on constructive notice that the needle was in Emily's bed, the Hotel was entitled to judgment as a matter of law. For the reasons that follow, we vacate and remand.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). The moving party bears the initial burden of "'show[ing] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). If the movant makes this showing, the burden shifts to the nonmoving party to establish "a genuine issue of material fact for trial by offering sufficient proof in the form of admissible evidence." *Id.* (ellipses and internal quotation marks omitted). However, "where the movant fails to fulfill its initial burden of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied," regardless of the sufficiency of the nonmoving

2

party's evidence. *Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294, 299 (4th Cir. 2012) (internal quotation marks omitted).

In Virginia, "[t]he elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff." *Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 624 S.E.2d 55, 62 (Va. 2006). Here, the parties dispute the appropriate standard of care and whether the Hotel breached the duty it owed to the Baruchs.

Innkeepers, such as the Hotel, owe "an elevated duty of care" to their guests and, as a result, "will be held liable for the slightest negligence which human care, skill and foresight could have foreseen and guarded against." *Taboada v. Daly Seven, Inc.*, 626 S.E.2d 428, 434 (Va. 2006) (internal quotation marks omitted). Under the theory of constructive notice, an innkeeper can be held responsible for a "defect that has existed for such a period of time that the defect could have been discovered by the exercise of ordinary care." *City of Richmond v. Holt*, 563 S.E.2d 690, 694 (Va. 2002). The Baruchs, as plaintiffs, bore the burden of proving constructive notice. *Revell v. Deegan*, 65 S.E.2d 543, 546 (Va. 1951). And while constructive notice cannot be established by "pure speculation and conjecture," *Great Atl. & Pac. Tea Co. v. Berry*, 128 S.E.2d 311, 3134 (Va. 1962), it can "be shown by circumstantial evidence," *Appalachian Power Co. v. Sanders*, 349 S.E.2d 101, 105 (Va. 1986).

Viewed in the light most favorable to the Baruchs, the evidence developed during discovery established that, within roughly five minutes of entering her hotel room, Emily climbed into her bed and was pricked by a needle located underneath multiple layers of

3

bedding. These facts indicate both that Emily had little time to disturb the bed before finding the needle and that the needle was likely undetectable to her until Emily pulled back the covers. In addition, there is no evidence that anyone accessed the room after the Hotel housekeeper cleaned the room and before Emily arrived. Accordingly, a jury could reasonably infer that the needle was in the bed at the same time the housekeeper was readying the room and, therefore, that the housekeeper should have discovered it when changing the sheets.[1] In other words, a reasonable jury could find that the Hotel had constructive notice of the needle in Emily's bed.

As to whether the record contains evidence that the Hotel breached its duty of care, the Hotel employs a logical fallacy, essentially asserting that because the housekeeper cleaned Emily's room, the room was necessarily clean. The very presence of the needle in Emily's bed, however, raises a genuine issue of material fact as to how clean Emily's room actually was. And although the Hotel touts its robust cleaning regimen, the otherwise spotless condition of Emily's room, and the absence of any other complaints from the Baruchs during their stay, the Hotel fails to demonstrate that a jury could not reasonably find that the failure to detect and remove a sharp, dangerous object from a hotel guest's bed constitutes a breach of the innkeeper's duty of care. Based on

---

[1] The Hotel focuses on the lack of evidence demonstrating how the needle found its way into Emily's bed. However, to prevail, the Baruchs did not need to establish the source of the needle or a timeline of its movements; rather, they merely had to show that the needle was sufficiently noticeable and present in the bed long enough for the Hotel to discover it. *See Holt*, 563 S.E.2d at 694.

this record, a reasonable factfinder could conclude that the Hotel breached its duty by failing to remove the hypodermic needle nestled in the sheets of Emily's made bed.[2]

Accordingly, because the Hotel failed to discharge its initial summary judgment burden and genuine issues of material fact remain unresolved, we vacate the district court's grant of summary judgment and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] The Hotel does not contest that the needle injured Emily, nor does the Hotel dispute that the needle pricked Donald as he went to help Emily immediately after the incident.