CHARLES JUNIOR BOWERS, SR.

V.

MATTHEW KENDALL MAY

Record No. 840432

June 12, 1987

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas, JJ., and Cochran, Retired Justice

A. Strode Brent, Jr. (Whitestone, Phillips, Brent, Young & Merril, P.C., on brief), for appellant.
Brien A. Roche (Doherty, Sheridan & Grimaldi, on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

In this personal injury case, the question for decision is whether the trial court erred in instructing the jury on the issue of contributory negligence. The question stems from the trial of an action brought by Charles Junior Bowers, Sr., the plaintiff, against Matthew Kendall May, the defendant. The trial resulted in a verdict in favor of the defendant, upon which the trial court entered judgment.

The automobile accident in which the plaintiff suffered his injuries occurred about 3:10 p.m. on July 26, 1982, in the inside westbound lane of U.S. Route 50 in Fairfax County. Route 50 in the area of the accident is a four-lane divided highway with a slight upgrade for westbound traffic.

At the point of collision, a cross-over in the median strip permits motorists eastbound on Route 50 to make a left turn onto a side road which intersects Route 50 from the north. Motorists southbound on the side road may use the cross-over to turn left into the eastbound lanes of Route 50. Motorists westbound on Route 50, however, may make neither a left turn nor a U-turn.

The plaintiff was operating a Ford Granada automobile westbound on Route 50 behind a Lincoln automobile, with out-of-state license plates, operated by Roy S. Duhart. The defendant, operating a "bucket" truck owned by the Fairfax County Park Authority, was following the plaintiff.

Duhart, planning to make a U-turn through the cross-over, turned on his left-turn signal and stopped in the inside westbound lane of travel. According to the plaintiff, he observed Duhart "tryin' to stop or . . . go one way or the other." The plaintiff "got [about ten feet] behind [Duhart and] wasn't goin' more than 5 to 10 miles per hour." Then, when Duhart stopped, the plaintiff stopped from one to three feet behind him and was struck in the rear by the defendant. The impact forced the front of the plaintiff's car into the rear of Duhart's vehicle.

According to the defendant, he was proceeding behind the plaintiff in the inside westbound lane of Route 50 at a speed of

approximately 35 miles per hour. The defendant was 75 to 100 feet from the plaintiff when he observed Duhart give a left-turn signal and stop. The plaintiff, "in turn, slammed on his brakes." When the defendant tried to apply his brakes, the pedal "went almost to the floor," and he had to "pump" twice before the brakes "locked up." The defendant had slowed to approximately three to five miles per hour when he struck the rear of the plaintiff's car. All three vehicles suffered only slight damage.

On appeal, the plaintiff contends that he "did nothing which could lead to even an inference of negligence on his part." The plaintiff argues that he was merely following Duhart when the latter slowed and then suddenly stopped, planning to make an illegal U-turn. Duhart's actions, the plaintiff claims, forced him to stop in an effort to avoid a collision.

The plaintiff acknowledges that Code § 46.1-248, cited by the defendant, prohibits stopping on a highway in a manner to impede or render dangerous the use of the highway by others, except in an emergency. The plaintiff points out, however, that in *Doss* v. *Rader*, 187 Va. 231, 46 S.E.2d 434 (1948), this Court said that "[s]topping momentarily is frequently a necessary incident to travel on the highway. [Code § 46.1-248] was not intended to require a motorist to refrain from stopping when going ahead would bring his car into collision with another vehicle, or some other object." *Id*. at 238, 46 S.E.2d at 438.

But, the plaintiff says, even if he were negligent in stopping on the highway, the manner in which he stopped was not a proximate cause of the accident. His vehicle was at a complete stop when it was struck, the plaintiff maintains, and, hence, any negligence on his part was remote.

The defendant argues on the other hand that the evidence showed the plaintiff stopped suddenly and without warning in front of him. The defendant says that while the plaintiff "cannot be faulted for stopping his vehicle so as to avoid a collision with Duhart," the plaintiff should have recognized the possibility Duhart might stop suddenly and should have stayed a safe distance behind him. The jury could have found the plaintiff negligent for failing to maintain a safe distance, the defendant concludes, and also could have found that this failure was a proximate cause of the accident.

A party is entitled to have the jury instructed on his theory of the case if the instructions he proffers correctly propound the

law and are supported by evidence. *Trucking Company* v. *Flood*, 203 Va. 934, 937, 128 S.E.2d 437, 439-40 (1962). Here, the question is whether the instructions on contributory negligence were supported by evidence. We think they were. The defendant testified that the plaintiff "slammed on his brakes" and stopped suddenly in front of him. Explaining the plaintiff's actions, the defendant said "it was just like a sudden, you know, sudden jam of the brakes there. He wasn't actually slowin', you know, slowing down."

From the defendant's testimony, the jury could have inferred that had the plaintiff maintained a safe distance between his car and Duhart's, he could have avoided stopping suddenly in front of the defendant. And we agree with the defendant's observation that "[i]f in fact there was some negligence on the part of [the plaintiff] for making an unnecessary sudden stop . . . then the causal connection between [this act] of negligence and the accident [was] intrinsically [a question] for the jury."

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*

RUSSELL, J., dissenting.

The defendant, driving the third vehicle in a procession of three, was evidently in a position to see past the second and observe the first. The defendant testified that he was travelling at approximately 35 miles per hour, 75 to 100 feet behind the second car, when he saw the first car give a left-turn signal and stop. Upon observing this state of affairs, it became the duty of the defendant to keep his truck under "complete control" in order to avoid a collision. Code § 46.1-219.*

In these circumstances, I think a contributory negligence instruction was unwarranted. The second car could not have been brought to an unreasonably sudden stop under the circumstances confronting its driver, the plaintiff, because the evidence shows that it did not stop until its front bumper was one to three feet from the first car. The plaintiff was able to bring his car to a safe stop without colliding with the car ahead, although he obviously

---

* Code § 46.1-219 provides: "Drivers receiving a signal from another driver shall keep their vehicle under complete control and shall be able to avoid an accident resulting from a misunderstanding of such signal."

had much less time and distance in which to accomplish that feat than the defendant had. After the plaintiff had come to a full stop, the defendant struck him. Granted, the jury had the right to believe the defendant's testimony that the plaintiff "slammed on his brakes," bringing his car to a sudden stop, but in the light of the circumstances confronting the plaintiff, as related by the defendant's own testimony, the plaintiff's conduct was not unreasonable or imprudent. Rather, it was compliance with the mandate of Code § 46.1-219 as a matter of law.

Even if we assume, *arguendo*, that the promptness of the plaintiff's response to his duty to avoid collision with the first car might somehow constitute a jury question, it could not, in the circumstances of this case, have constituted a proximate cause of the accident. The sole proximate cause of the collision in this case was the defendant's failure, or inability, to bring his truck to a stop after seeing the first car in the procession signal a turn and stop.

The presence of the second vehicle between the first and third shortened the defendant's available time to respond. That factor, as well as the defendant's explanation that his brakes failed, might have caused the jury to absolve the defendant of primary negligence. But no negligence on the plaintiff's part, under the facts of this case, could have contributed to cause the accident. The defendant had the burden of proving not only that the plaintiff was guilty of contributory negligence, but also that the plaintiff's negligence was a proximate, direct, efficient, and contributing cause of the plaintiff's injury. *Unger* v. *Rackley*, 205 Va. 520, 526, 138 S.E.2d 1, 5 (1964). The defendant offered no evidence tending to carry that burden, and no inferences can be drawn from the plaintiff's evidence which would create a jury issue.

We cannot determine from the record whether the defendant prevailed below because the jury failed to find him negligent, or because it found the plaintiff guilty of contributory negligence. Because I think it was error to grant a contributory negligence instruction, I would reverse and remand for a new trial in which the question of the defendant's primary negligence would be the sole issue.

POFF and THOMAS, JJ., join in dissent.