COMMONWEALTH OF VIRGINIA

V.

GRACE R. COOLIDGE

Record No. 870052

April 21, 1989

Present: All the Justices

*Caroline Lowdon Lockerby*, Assistant Attorney General (*Mary Sue Terry*, Attorney General; *Gail Starling Marshall*, Deputy Attorney General; *William H. Hauser*, Senior Assistant Attorney General, on brief), for appellant.
*William B. Kilduff* for appellee.

WHITING, J., delivered the opinion of the Court.

In this slip-and-fall case, we determine the duty of care owed by the Commonwealth to a visitor walking on an entrance ramp at one of its correctional facilities. We also deal with jury instructions defining that duty, as well as the duty of care owed by the visitor.

About 12:30 p.m. on May 27, 1984, Grace R. Coolidge went to visit her husband, an inmate at the Powhatan Correctional Center. As she attempted to enter the Center, Coolidge slipped and fell on a muddy ramp provided for handicapped access. She sustained a comminuted fracture of her left kneecap and filed this action against the Commonwealth to recover for her injuries.

Coolidge's case was tried to a jury which returned a verdict in her favor in the sum of $75,000. The trial court overruled all grounds of the Commonwealth's motion to set aside the verdict, except the ground that the verdict amount was in excess of the Commonwealth's $25,000 maximum liability provided by the Vir-

ginia Tort Claims Act, Code §§ 8.01-195.1 to -195.9. The Commonwealth appeals the entry of the ensuing $25,000 judgment against it.

In conformity with well-settled appellate principles, we state the evidence in the light most favorable to Coolidge, who prevailed before the jury. The Commonwealth constructed the lower end of the access ramp below the level of an adjacent, unimproved parking lot. When it rained, mud and silt from the parking lot washed down onto the ramp. Because it had rained earlier on the day of the accident, an area of mud remained on the lower end of the ramp at the time of Coolidge's visit.

Coolidge, who was not physically handicapped, decided to use the ramp because the parking lot had puddles of water on it, and the ramp was closer to her parked car than the steps provided for access to the Center. She noticed a "beige area" at the lower end of the ramp, but thought it was merely dirt. When Coolidge stepped on the ramp, she slipped on the mud and fell.

At trial, the Commonwealth tendered instructions appropriate to the duty of care owed by a municipality in the maintenance of its sidewalks and streets. The trial court refused these instructions and granted Instructions 5 and 9 tendered by Coolidge which set forth the duty of care that an occupier of a private residence would owe to an invitee.

According to Coolidge, that standard of care is mandated by Code § 8.01-195.3. It provides in pertinent part:

> [T]he Commonwealth shall be liable for claims accruing . . . on account of . . . personal injury . . . caused by the negligent . . . act or omission of any employee while acting within the scope of his employment under circumstances where the Commonwealth . . . if a private person, would be liable to the claimant for such . . . injury . . . . The amount recoverable by any claimant shall not exceed . . . $25,000.

■ We construe Code § 8.01-195.3 as a limited waiver of governmental immunity from tort claims, not as a legislative definition of the Commonwealth's duty of care to those with claims against it. We believe the legislature intended existing case law to govern the appropriate standard of care.

■ We find that the appropriate standard in this case is that governing the liability of a municipality with regard to claims of

negligent maintenance of its sidewalks. That standard requires actual or constructive notice to the municipality of any alleged defect resulting therefrom causing injury to the plaintiff. *See West* v. *City of Portsmouth*, 196 Va. 510, 84 S.E.2d 503 (1954).

■ Therefore, the trial court erred in granting Instructions 5 and 9, which imposed upon the Commonwealth the duty of care applicable to an occupant of a private residence. Without necessarily approving the language of the Commonwealth's Instructions 15 and 18 as tendered, we hold that the trial court should have instructed the jury that Coolidge had to prove actual or constructive notice of the defect to the Commonwealth in order to prevail.

■ A defendant is entitled to instructions correctly defining its duty of care, *see Bowers* v. *May*, 233 Va. 411, 413-14, 357 S.E.2d 29, 30 (1987); *Hodnett* v. *Friend*, 232 Va. 447, 452-53, 352 S.E.2d 338, 341 (1987), and it is prejudicial error not to give such instructions when requested, *see Blankenship* v. *Ches. & O. R. Co.*, 94 Va. 449, 458, 27 S.E. 20, 22 (1897). Accordingly, we must reverse and remand the case for retrial.

■ We will discuss other instructions complained of, as the trial court is likely to have to rule on them during retrial. The Commonwealth tendered an instruction which gave it a reasonable time after the rain stopped in which to remove the mud from the ramp. It relies upon *Mary Washington Hosp.* v. *Gibson*, 228 Va. 95, 101, 319 S.E.2d 741, 744-45 (1984), and *Walker* v. *The Memorial Hospital*, 187 Va. 5, 13, 45 S.E.2d 898, 907 (1948), in which we held that the hospitals, as commercial establishments, had a reasonable time after a storm to remove ice and snow from outside steps and walks, absent special circumstances. Assuming, without deciding, that this principle would apply to removal of mud following a rainstorm, it is inapplicable here because it assumes that the defective condition came about solely as a result of the storm. The only evidence of the source of the mud was that it washed onto the ramp as a result of the Commonwealth's negligently constructing the end of the ramp on a level lower than that of the adjoining land. For that reason, we hold that the trial court correctly refused this instruction.

■ The trial court also refused the Commonwealth's tendered instruction which would have told the jury, in part, that the Commonwealth was "not an insurer against accidents upon its walkways" and that it only had the duty of "ordinary care to keep its walkways in reasonably safe condition for travel." In holding the

refusal of a similar instruction was reversible error, we noted that there is a common misconception that "a city is liable, in all events, for injuries suffered on its streets because of defects therein." *City of Portsmouth* v. *Cilumbrello*, 204 Va. 11, 17, 129 S.E.2d 31, 35 (1963). It is equally erroneous to assume that the Commonwealth is liable for all claims asserted against it for injuries arising from defects in its walkways. Therefore, consistent with *Cilumbrello*, the jury should have been instructed that the Commonwealth was not an insurer. *Cf. Cooper* v. *Pickett*, 202 Va. 65, 69, 116 S.E.2d 52, 55 (1960) (such instruction inappropriate in tort case not involving a municipality, absent contention by plaintiff that defendant was insurer).

The Commonwealth complains that the court refused a finding instruction which attempted to submit to the jury the issue of Coolidge's contributory negligence in failing to see an open and obvious defect. There was no other finding instruction submitting the issue of contributory negligence, and a defendant is entitled to a finding instruction embodying the defense of contributory negligence where it correctly propounds the law* and is supported by the evidence. *Bowers*, 233 Va. at 413-14, 357 S.E.2d at 30.

For the foregoing reasons, we will reverse the judgment of the lower court and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

\* The instruction the Commonwealth tendered, however, failed to state which party had the burden of proving that the defect Coolidge allegedly should have seen was open and obvious. Because the instruction is a finding one, and refers to the factual issue of contributory negligence, it should place the burden of proof thereof upon the defendant. *See Burks* v. *Webb, Administratrix*, 199 Va. 296, 306, 310, 99 S.E.2d 629, 637, 640 (1957).