922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda Karen KLINE, Plaintiff-Appellant,
v.
Jerry Lynn WELLER, Green Field Transport Company,
Incorporated, Defendants-Appellees.
 No. 90-1419.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1990.
Decided Jan. 2, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-89-882-A)
 Michael J. Miller, Jacobi & Miller, Alexandria, Va., for appellant.
 John J. Wall, McMurtrie & Cotter, Fairfax, Va. (Argued), for appellees; Daniel W. Cotter, McMurtrie & Cotter, Fairfax, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Linda Kline ("Kline") appeals from a jury verdict in favor of appellee Jerry Lynn Weller ("Weller"), contending that it was error for the district court to instruct the jury on contributory negligence. There being no error, we affirm.
 
 
 2
 On November 23, 1987, a collision occurred on Interstate 95 in Prince William County, Virginia, between an automobile driven by Kline and a tractor-trailer driven by Weller. Kline brought a diversity action, and trial was held on December 12, 1989.
 
 
 3
 At trial, there were two conflicting versions of the accident. Kline asserted that she was traveling in the far right lane of the three lane highway when Weller suddenly hit the left rear of her vehicle with his right tractor wheel, causing her to spin out of control to the left. A State Trooper then testified that Weller told him at the scene that he was traveling in the middle lane, and when he began to change into the right lane, he saw Kline's car "shoot in front" of his vehicle.
 
 
 4
 At trial, however, Weller testified that he was traveling in the far left lane, and was changing into the middle lane when he heard a noise in front of him, and saw Kline's vehicle spin across the road. There was damage to the left front of Weller's truck, but apparently no damage to the right side. There were rub marks on the right tire, but it was not determined whether they came from the accident or from normal use. No witness was able to testify exactly as to the positions of each vehicle immediately prior to the accident.
 
 
 5
 The court instructed the jury that if Kline "appeared" in front of Weller's truck, then they could infer that she changed lanes without proper control. The court also instructed the jury on the duty of both parties to keep a proper lookout, to keep their vehicles under proper control, and to use care in changing lanes. The jury found for defendant Weller. This appeal followed.
 
 
 6
 There is only one issue on appeal: whether it was error for the trial judge to instruct the jury on contributory negligence. It is well-settled that Virginia law requires any instruction to be supported by evidence at trial. Exxon Corp. v. Fulgham, 224 Va. 235, 240, 294 S.E.2d 894, 897 (1982).
 
 
 7
 Kline argues that the instruction was wholly unsupported by the evidence, and that it required the jury to rely on speculation and conjecture. Weller argues that the jury was entitled to draw all reasonable inferences from the facts. Bly v. Southern Ry. Co., 183 Va. 162, 31 S.E.2d 564 (1944), aff'd on reh'g, 183 Va. 406, 32 S.E.2d 659 (1945). Therefore, the jury was entitled to infer that Kline may have been contributorily negligent because the exact cause of the accident could not be determined.
 
 
 8
 Although there was conflicting testimony at trial, it appears that there was sufficient evidence which could raise an inference of contributory negligence. Unfortunately, because issues were not submitted to the jury it cannot be determined whether the jury found that Kline was contributorily negligent, or simply that Weller was not negligent. However, "[a] party is entitled to have the jury instructed on the theory of his case if the instructions he proffers correctly propound the law and are supported by evidence." Bowers v. May, 233 Va. 411, 357 S.E.2d 29, 30 (1987) (quoting Trucking Company v. Flood, 203 Va. 934, 937, 128 S.E.2d 437, 439-440 (1962)). In this case, a contributory negligence instruction was properly submitted to the jury.
 
 
 9
 AFFIRMED.