Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Whiting, Senior Justice

JOYCE C. PRICE, EXECUTRIX, ETC.

v.  Record No. 950802     OPINION BY JUSTICE ELIZABETH B. LACY
                                         January 12, 1996
KYLE R. TAYLOR, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John E. Clarkson, Judge

This appeal arises out of a contract for the sale of land between Kyle R. Taylor and Fay L. Mirman, the buyers, and Joyce C. Price, executrix of the Wallace V. Lankford Estate, the seller. Taylor and Mirman filed a motion for judgment seeking damages for Price's alleged failure to perform the contract for sale dated April 2, 1993. Price filed a response asserting that the contract was invalid because it was procured by fraud, because it was subject to a condition precedent, and because it lacked consideration. Following a two-day hearing, the trial court entered judgment on a jury verdict awarding the buyers $35,000 in damages.

On appeal, Price assigns error to the trial court's rulings (1) holding that, as a matter of law, the contract on its face recited sufficient consideration; (2) excluding jury instructions on fraud in the procurement of a contract; (3) admitting certain expert testimony; and (4) prohibiting parol evidence that the contract was subject to a condition precedent. For the reasons set out below, we will reverse the judgment of the trial court and remand the case for a new trial.

I.

Price first assigns error to the trial court's ruling that the contract recited consideration on its face.[1]  The relevant portion of the contract states:

WITNESSETH:  That for and in consideration of the sum of <u>N/A</u> Dollars ($<u>N/A</u>) by <u>N/A</u> in hand, paid receipt of which is hereby acknowledged, the Buyer agrees to buy and the Seller agrees to sell for the sum of <u>Twenty thousand Dollars xx/100</u> Dollars ($<u>20,000</u>), all that certain piece, parcel or lot of land . . . .

The italicized portions were handwritten insertions made by Taylor in blanks on a prepared form.  Price argues that the language "in consideration of the sum of N/A Dollars" clearly and unambiguously states that the contract required a payment in cash as a form of consideration and that no such cash was tendered by the buyers or received by the seller.  Thus, Price concludes, the contract did not recite consideration on its face.  We disagree.

First, the terms of the contract do not require that consideration be paid in cash to create the agreement.  More

---

[1]Price's assignment of error also stated that the trial court held that the contract was "valid and enforceable." However, the trial court's order does not contain that determination.  The record further reflects that the trial court refused to grant a motion for summary judgment filed by Price on the validity and enforceability of the contract because evidence on that issue was "anticipatory evidence as to one of the issues of the case," and therefore, the motion was "premature."  The validity and enforceability of the contract remained a subject for trial.

importantly, it is well established that mutual promises in a contract constitute valuable consideration. <u>Adams, Payne & Gleaves, Inc. v. Indiana Wood Preserving Co.</u>, 155 Va. 18, 29, 154 S.E. 558, 562 (1930); <u>Bernstein v. Bord</u>, 146 Va. 670, 677, 132 S.E. 698, 699-700 (1926); <u>see</u> <u>also</u> <u>Brewer v. First Nat'l Bank of Danville</u>, 202 Va. 807, 815, 120 S.E.2d 273, 279 (1961). The contract recites that "the Buyer agrees to buy and the Seller agrees to sell for the sum of Twenty thousand Dollars." This language reflects the mutual exchange of promises and alone is sufficient to constitute consideration for the contract. Accordingly, the trial court's ruling on this issue was not erroneous.

## II.

Price submitted five jury instructions which addressed her contention that the contract was obtained by fraud. Price asserts that there was sufficient evidence to support instructions on this issue and that the trial court erred in refusing to give them.

A litigant is entitled to jury instructions supporting his theory of the case if sufficient evidence is introduced to support that theory. <u>Bowers v. May</u>, 233 Va. 411, 413-14, 357 S.E.2d 29, 30 (1987). While a litigant must carry his burden to show fraud in the procurement of the contract by clear and convincing evidence, the trial court must give the jury instruction on fraud unless the evidence is "clearly

insufficient to support the theory." <u>Provident Life & Accident Ins. Co. v. Walker</u>, 190 Va. 1016, 1028, 59 S.E.2d 126, 131 (1950).[2]

Price testified that she signed a contract on January 9, 1993, agreeing to sell the property to Taylor and Troy M. Evenson. She then testified that sometime in late February or early March, Evenson approached her and asked her to sign three blank contracts because coffee had been spilled on the January contract. Price stated that she did not sign a contract dated April 2, 1993, and that her signature on that contract was forged. Finally, Price testified that she never negotiated with Mirman for the sale of the property.

Applying the principles set out above, we conclude that the evidence produced by Price to show fraud was sufficient to support jury instructions on the issue. Therefore, we hold that the trial court erred in refusing to instruct the jury on Price's theory of fraud in the procurement of the contract.[3]

### III.

Over Price's objection, Taylor and Mirman introduced testimony of three attorneys as rebuttal witnesses. Each of

---

[2]Taylor and Mirman did not move to strike Price's evidence on fraud as insufficient as a matter of law.

[3]Price also complained of the submission of an instruction to the jury stating that the mutual exchange of promises constituted legal consideration for a contract. Because the issue of the contract validity and enforceability remained a jury issue, <u>see</u> <u>supra</u> note 1, submission of an instruction on this issue was not reversible error.

these attorneys testified that the contract was valid on its face because it recited legally adequate consideration. Price assigns error to the admission of this evidence, claiming that the testimony was improper because the attorneys' statements were conclusions of law prohibited by Code § 8.01-401.3(B). We agree. This testimony that a contract was valid on its face is not evidence regarding the existence of an offer, acceptance, or consideration, but purports to state the legal consequences of those factual predicates. Thus, the testimony of these three witnesses was improper because it constituted conclusions of law in violation of Code § 8.01-401.3.

IV.

Our conclusions regarding instructing the jury on fraudulent procurement and admission of the attorneys' testimony require reversal of the judgment of the trial court and remand of the case. We note that one of the issues at trial, the admissibility of parol evidence to show a condition precedent, may arise again on remand.

The general rule in Virginia is that parol evidence of prior stipulations or oral agreements is inadmissable to vary, contradict, or explain the terms of a complete, unambiguous, unconditional written contract. Shevel's, Inc. v. Southeastern Assocs., 228 Va. 175, 182, 320 S.E.2d 339, 343 (1984). When a claim is made under an unambiguous written instrument, however, a signatory to the instrument may introduce parol evidence to

establish a defense based on such doctrines as partial integration, collateral contract, fraudulent procurement, mutual mistake, or condition precedent.  Id. at 182-83; 320 S.E.2d at 343-44; J.E. Robert Co. v. J. Robert Co., 231 Va. 338, 343, 343 S.E.2d 350, 353 (1986); Walker & LaBerge Co. v. First Nat'l Bank of Boston, 206 Va. 683, 688, 146 S.E.2d 239, 244 (1966); Meadows v. McClaugherty, 167 Va. 41, 45, 187 S.E. 475, 477 (1936); Whitaker & Fowle v. Lane, 128 Va. 317, 345-46, 104 S.E. 252, 262 (1920).

Not all evidence alleged to establish a condition precedent is admissible, however.  As we stated in Walker & LaBerge, the alleged "condition precedent must be neither inconsistent with the instrument itself, nor of such a character that its performance would render the instrument wholly ineffective or nugatory."  206 Va. at 690, 146 S.E.2d at 244.  Thus, in litigation involving the enforcement of an agreement by a general contractor to waive its mechanic's lien, evidence of an alleged condition precedent that the agreement was effective only if the contractor had been paid in full was inadmissible because a contractor has no mechanic's lien if he has been fully paid; therefore, the condition of payment made the agreement to waive the lien a legal impossibility, a nullity.  Id. at 692, 146 S.E.2d at 246.  Payment under these circumstances would negate any ability or need to waive the lien because there would be no lien.

On the other hand, in <u>Whitaker & Fowle v. Lane</u>, parol evidence was properly admitted to show an alleged condition precedent requiring certain action by a third party before a contract for the sale of a residence was enforceable.  The buyer, a bank, was allowed to introduce parol evidence that the purchase contract was conditioned on the amendment of a banking charter and subscription of bank stock which would allow the bank to move its headquarters.  <u>Whitaker & Fowle</u>, 128 Va. at 346, 146 S.E.2d at 263.  The terms of this alleged condition precedent were not inconsistent with the terms of the purchase contract, did not vary the terms of that contract, and the performance of the condition precedent did not render the contract "wholly ineffective or nugatory."  These general principles would be applicable if, on remand, Price seeks to offer parol evidence of a condition precedent to the April 3, 1993 contract.

Accordingly, for the reasons stated, we will reverse the judgment of the trial court and remand the case for a new trial in accordance with this opinion.

<u>Reversed and remanded.</u>