# CIRCUIT COURT OF ALBEMARLE COUNTY

Deanna M. Morris,
Administrator and
Personal Representative
of the Estate of
Nino Carlo Veramessa,
Deceased

v.

Commonwealth of Virginia et al.

July 17, 1998

Case No. CL 97-6922

BY JUDGE PAUL M. PEATROSS, JR.

The Court heard argument by counsel on July 2, 1998, on Defendant Commonwealth of Virginia's Plea of Setoff. The issue is whether Va. Code § 8.01-195.3, which limits the amount recoverable against the Commonwealth under the Virginia Tort Claims Act, should be applied in determining a final judgment before or after Va. Code § 8.01-35.1, which provides a setoff for settlement with one tortfeasor against any amount recovered against the other tortfeasors. The Commonwealth contends that § 8.01-195.3 takes priority. Under § 8.01-195.3, the maximum amount recoverable against the Commonwealth in this case is $100,000.00. Applying the setoff under § 8.01-35.1 from a prior settlement of $450,000.00 against a starting figure of $100,000.00 would effectively eliminate the possibility of a judgment for damages against the Commonwealth. Thus, the Commonwealth argues that a trial and verdict are unnecessary, since the Plaintiff would not be entitled to a verdict for damages against the Commonwealth. For the reasons set forth below, the Court finds that trial and verdict are necessary to establish the

amount recovered against the other tortfeasors and that the legislative intent underlying both statutes is best effectuated by applying § 8.01-35.1 before § 8.01-195.3. Defendant's Plea is denied.

*Background*

This medical malpractice action was filed on March 27, 1997, against the Commonwealth of Virginia pursuant to the Virginia Tort Claims Act, Va. Code §§ 8.01-195.1 *et seq.*, and against Charles G. diPierro, M.D., and Giuseppe Lanzino, M.D., who were both first year residents at the University of Virginia at the time in question. Subsequently, Plaintiff voluntarily dismissed Dr. Lanzino, and the Court sustained Dr. diPierro's plea of sovereign immunity, leaving the Commonwealth as the sole remaining defendant.

Plaintiff's allegations of negligence arise out of the post-operative care and treatment of the decedent following the surgical removal of his lung while a patient at the University of Virginia Health Sciences Center in March 1995. Prior to filing this suit, the Plaintiff settled for $450,000.00 her claims against Dr. Curtis Tribble, an attending cardiac-thoracic surgeon at the University of Virginia.

The Commonwealth contends that the Tort Claims Act, as a limited waiver of sovereign immunity, provides a cause of action only up to a statutory limit of $100,000.00. Thus, the Commonwealth asserts that an action for more than $100,000.00 against the Commonwealth would be demurrable on its face and that if the case at bar were allowed to go to trial, the jury would have to be instructed that it could not return a verdict for more than $100,000.00. Alternatively, the Commonwealth argues that even if the jury were allowed to return a verdict for more than $100,000.00, an application of the setoff to the verdict, rather than the statutory limit under § 8.01-195.3, could deprive the Commonwealth of any credit for the settlement in certain circumstances. In *Fairfax Hosp. System v. Nevitt*, 249 Va. 591 (1995), a divided Supreme Court held 4 to 3 that a setoff should be applied to the $1,000,000.00 medical malpractice recovery cap of § 8.01-581.15 rather than to a jury verdict of $2,000,000.00. Analogizing to *Nevitt*, the Commonwealth argues that regardless of the verdict a jury might return in this case, that amount must first be reduced to $100,000.00 under § 8.01-195.3 before the setoff of $450,000.00 from Dr. Tribble's settlement is credited under § 8.01-35.1.

Plaintiff notes that under the Tort Claims Act, the Commonwealth "shall be liable" for the negligence of its employees, and the amount recoverable "shall not exceed (i) ... $100,000.00 ... or (ii) the maximum limits of any

liability policy ... *whichever is greater ...* ." Va. Code § 8.01-195.3. (Emphasis added.) Since the statute anticipates the possibility of an insurance policy being greater than $100,000.00, an action for more than $100,000.00 could not be demurrable on its face. Plaintiff maintains that applying § 8.01-195.3 prior to § 8.01-35.1 effectively releases the Commonwealth on the facts at bar, despite the express provision of § 8.01-35.1 that a release of one joint tortfeasor not release other joint tortfeasors. Such a release, it is argued, is contrary to the legislative intent of § 8.01-35.1 and to the public policy which favors compromise and settlement. Plaintiff suggests that a potential release would reduce the incentive of the Commonwealth to settle if it appeared that a joint tortfeasor's liability might exceed $100,000.00. Additionally, plaintiffs might hesitate to settle with one joint tortfeasor for more than $100,000.00 if such settlement would result in waiving their right to recover anything from the Commonwealth.

Plaintiff distinguishes *Nevitt* as dealing with the quantum of recovery from all health care providers under § 8.01-581.15, whereas § 8.01-195.3 applies to only one party. Thus, § 8.01-581.15 was appropriately applied to the verdict in *Nevitt* prior to the calculation of setoff since the $1,000,000.00 medical malpractice cap of § 8.01-581.15 represents the total amount recoverable from tortfeasors for the injury. However, it would be inappropriate to substitute § 8.01-195.3 for the verdict since § 8.01-195.3 places no limit on the quantum of damages a plaintiff may recover from all defendants but only limits recovery from one particular party, the Commonwealth.

### Question Presented

In an action against the Commonwealth of Virginia under the Virginia Tort Claims Act, does the statutory limitation on the amount recoverable from the Commonwealth under Va. Code § 8.01-195.3 render a jury verdict to assess damages against the Commonwealth unnecessary by virtue of Va. Code § 8.01-35.1 where a settlement by another tortfeasor is in excess of the amount recoverable against the Commonwealth?

### Discussion of Authority

I. Va. Code § 8.01-195.3 provides:

[T]he Commonwealth shall be liable for claims for money ... on account of ... personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the

scope of his employment under the circumstances where the Commonwealth ... if a private person, would be liable to the claimant for such damage, loss, injury or death ... . The amount recoverable by any claimant shall not exceed (i) ... $100,000.00 for causes of action accruing on or after July 1, 1993, or (ii) the maximum limits of any liability policy maintained to insure against such negligence or other tort, if such policy is in force at the time of the act or omission complained of, whichever is greater, exclusive of interest and costs.

In the case at bar, it is stipulated that $100,000.00 is the maximum amount recoverable from the Commonwealth under § 8.01-195.3. Indeed, in point of fact, the Commonwealth may never have maintained a liability policy in excess of $100,000.00. Nevertheless, because the statute explicitly anticipates a cause of action for greater than this sum, the Court finds that an action for more than $100,000.00 is not demurrable on its face. Neither may a jury be instructed as to a limitation on damages since "[t]he province of the jury is to settle questions of fact," *Etheridge v. Medical Ctr. Hosp.*, 237 Va. 87, 96 (1989) (*quoting Forbes & Co. v. Southern Cotton Oil Co.*, 130 Va. 245, 260 (1921)), and "[w]ithout question, the jury's fact-finding function extends to the assessment of damages." *Id.* In *Etheridge*, the Supreme Court upheld the constitutionality of the medical malpractice cap of § 8.01-581.15, reasoning in part:

> The limitation on medical malpractice recoveries contained in Code § 8.01-581.15 does nothing more than establish the outer limits of a remedy provided by the General Assembly. A remedy is a matter of law, not a matter of fact ... . A trial court applies the remedy's limitation only *after* the jury has fulfilled its fact-finding function. Thus, Code § 8.01-581.15 does not infringe upon the right to a jury trial because the section does not apply until after a jury has completed its assigned function in the judicial process.

*Id.*

The Commonwealth argues that the Tort Claims Act, as a limited waiver of governmental immunity, is different in character from the Virginia Medical Malpractice Act. *See Commonwealth v. Coolidge*, 237 Va. 621 (1989). The distinction is between merely modifying a remedy and granting a cause of action. The Commonwealth repeatedly stresses that "the common law completely immunized the Commonwealth from suit for damages, and the Act, as a limited waiver, creates liability where none existed before." In the opinion

of the Court, this argument evinces a legislative intent to extend liability in § 8.01-195.3, at least up to $100,000.00, rather than limit it as in § 8.01-581.15. Indeed, read by itself, § 8.01-195.3 could never be offended by a judgment against the Commonwealth up to $100,000.00. Having already ruled that a cause of action may exist under § 8.01-195.3 in excess of $100,000.00, the Court finds the reasoning in *Etheridge* that "[a] trial court applies the remedy's limitation only after the jury has fulfilled its fact-finding function," 237 Va. at 96, to be equally applicable to § 8.01-195.3. Thus, the Court will not apply § 8.01-195.3 either by demurrer or through limiting instructions to a jury "until after a jury has completed its assigned function in the judicial process." *Etheridge*, 237 Va. at 96.

II. Va. Code § 8.01-35.1 provides in relevant part:

A. When a release or a covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury, or the same property damage or the same wrongful death:
    1. It shall not discharge any of the other tortfeasors from liability for the injury, property damage or wrongful death unless its terms so provide; but any amount recovered against the other tortfeasors or any one of them shall be reduced by any amount stipulated by the covenant or the release … .

The Commonwealth contends that under certain circumstances, failure to apply § 8.01-195.3 prior to applying a settlement credit would deprive the Commonwealth of any setoff benefit. For example, if a jury were to return a verdict against the Commonwealth of $1,000,000.00 and the Court applied a settlement credit of $450,000.00 to this verdict (leaving $550,000.00), the judgment against the Commonwealth under § 8.01-195.3 would be its maximum liability of $100,000.00, reflecting no benefit to the Commonwealth of the settlement. Of course, if the verdict returned were $500,000.00, applying a setoff of $450,000.00 to the verdict would leave only $50,000.00, allowing the Commonwealth to capture the full benefit of the settlement as any other litigant.

The Court recognizes that by applying a setoff to the verdict, the Commonwealth will indeed be deprived of the benefit of § 8.01-35.1 in certain instances. However, the alternative threatens to deprive the plaintiff of the benefit of § 8.01-35.1 in every instance where the Commonwealth is a defendant and a joint tortfeasor is willing to settle for more than the Commonwealth's liability under § 8.01-195.3. When, as here, the

Commonwealth has a maximum liability of $100,000.00 under § 8.01-195.3, reducing the verdict to this figure prior to applying a setoff will effectively convert any settlement in excess of $100,000.00 into an automatic release of the Commonwealth. Indeed, the Commonwealth's Plea seeks dismissal precisely for this reason. This result is contrary to the plain language of the statute, to the legislative intent behind it, and to public policy favoring settlement out of court.

Prior to the enactment of § 8.01-35.1, a release of one of several joint tortfeasors operated as a release of all. *Wright v. Orlowski*, 218 Va. 115 (1977). By enacting § 8.01-35.1, "the General Assembly intended to change a rule of law which tended to reward a recalcitrant tortfeasor at the expense of a joint tortfeasor who was willing to settle out of court." *Hayman v. Patio Products, Inc.*, 226 Va. 482, 487 (1984). "The statute facilitates prompt settlement, payment, and discharge of paying tortfeasors without releasing those non-paying joint tortfeasors who prefer to have their liability determined in litigation." *Id.* And "[t]he law favors compromise and settlement of disputed claims." *Snyder-Falkinham v. Stockburger*, 249 Va. 376, 381 (1995) (*quoting Bangor-Punta Operations, Inc. v. Atlantic Leasing, Ltd.*, 215 Va. 180, 183 (1974)).

In derogation of the common law, the General Assembly has provided that the Commonwealth "shall be liable" for the torts of its employees. Va. Code § 8.01-195.3. As stated above, § 8.01-195.3 is never offended by a judgment against the Commonwealth up to $100,000.00. On the other hand, were the Commonwealth like any other litigant, it would always receive the benefit of § 8.01-35.1. The anomalous possibility of being deprived a benefit which normally accrues to other litigants derives exclusively from the fact that the Commonwealth is not like other litigants and enjoys a unique limitation on its liability which other litigants do not enjoy. Thus, the question of legislative intent arises only when reading §§ 8.01-195.3 and 8.01-35.1 together. While the Commonwealth has every right to "prefer to have [its] liability determined in litigation," *Hayman*, 226 Va. at 487, this Court will not apply § 8.01-35.1, contrary to its plain language, to take a non-paying alleged joint tortfeasor out of litigation.

III. In *Nevitt*, the Supreme Court held that in determining the quantum of plaintiff's judgment, the trial court erred in applying a settlement setoff to the verdict rather than to the medical malpractice cap of § 8.01-581.15. 249 Va. at 599. While *Nevitt* did not involve the Tort Claims Act and is therefore not binding here, to the extent that it raises issues relevant to this inquiry, the following discussion may be helpful.

The summary holding of *Nevitt* was that:

where there is a verdict by a jury or a judgment by a court against a health care provider for "injury to ... a patient" and the total amount recovered in that action and in all settlements related to the medical malpractice injury exceeds one million dollars, the total amount the plaintiff can recover for that injury is one million dollars.

*Id.*

In the case at bar, the Commonwealth asserts that it is unnecessary to obtain a jury verdict "[b]ecause a verdict amount in excess of the cap [of § 8.01-195.3] can never be recovered." In reaching this conclusion, the Commonwealth notes that § 8.01-195.3 provides that "the amount recoverable by any claimant [from the Commonwealth] shall not exceed ... $100,000.00 ... ." And in *Nevitt*, the Court defined "recoverable" as "that which is capable of recovery." 249 Va. at 598. Reasoning that "[t]he plaintiff cannot recover any amount greater than that which is recoverable," the Commonwealth urges this Court to construe the statutory language of § 8.01-35.1 regarding "any amount recovered from the other tortfeasors" as prospectively limited by § 8.01-195.3.

The flaw in this reasoning is the confusion of findings of fact and law, verdict and judgment remedy. Significantly, the Supreme Court in *Nevitt* did not find fault with the jury's verdict of $2,000,000.00, despite the fact that § 8.01-581.15 clearly provides that "the amount recoverable ... shall not exceed one million dollars." Instead, consistent with its holding in *Etheridge*, the Court in *Nevitt* applied the law to adjust the remedy only after the jury had completed its fact-finding function in assessing damages. Accordingly, this Court must decline the invitation to prospectively apply the limitation of § 8.01-195.3 prior to the necessary finding of fact.

Once the facts have been determined, the question may still arise as to whether, in calculating a remedy, the prioritization in *Nevitt* of the statutory cap of § 8.01-581.15 over the setoff provision of § 8.01-35.1 should dictate a similar prioritization regarding the limitation of § 8.01-195.3. In the opinion of the Court, this question must be answered in the negative since the two statutes have very different mandates.

"[T]he mandate of Code § 8.01-581.15 is that in any judgment entered against a health care provider, the quantum of recovery for a medical malpractice injury cannot exceed the aggregate amount capable of recovery." *Nevitt*, 249 Va. at 598. The "quantum of recovery for a medical malpractice injury" can fairly be read to refer to "the total amount recovered in that action

and in all settlements related to the medical malpractice injury." *Id.* at 599. By contrast, the scope of § 8.01-195.3 extends only to the amount recoverable from the Commonwealth. The mandate to § 8.01-195.3 is to provide for recovery from the Commonwealth up to a statutory limit. In determining the quantum of recovery for an injury, it would be incorrect to apply the limitation of § 8.01-195.3 to include recovery from parties other than the Commonwealth.

Thus, in the opinion of this Court, the several statutes regarding the calculation of a remedy in a medical malpractice case should be applied in the following order: (1) a jury should be permitted to arrive at a verdict on the evidence of the case without limiting instructions; (2) while the Plaintiff in the case at bar has sued only for $1,000,000.00 and a jury verdict in excess of this amount would be reduced to $1,000,000.00 for that reason, the same result would obtain for any verdict against a health care provider under § 8.01-581.15 since $1,000,000.00 is the maximum quantum recoverable from all tortfeasors in medical malpractice suits; (3) any setoff from previous settlements would then be applied under § 8.01-35.1; (4) the remaining amount would be apportioned between the defendants who did not settle, but under § 8.01-195.3, the maximum amount recoverable from the Commonwealth will be $100,000.00 or the limit of its insurance policy, whichever is greater.

## Conclusion

For the reasons set forth above, the Court concludes that the Commonwealth's Plea of Setoff is premature. The Court finds that the jury must be given the opportunity to fulfill its assigned function in the judicial process by assessing damages and that § 8.01-35.1 should not be applied, contrary to its express terms, to effectuate a release of a non-paying tortfeasor prior to trial. Following a finding of damages, the Court will apply the setoff from Dr. Tribble's settlement under § 8.01-35.1. In no event will the amount recoverable from the Commonwealth exceed the statutory limit of § 8.01-195.3.