COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


D. RAMESH CHANDER

                                        MEMORANDUM OPINION*
v.    Record No. 2937-98-4                   PER CURIAM
                                           JUNE 22, 1999
DARLENE ANN (JONES) CHANDER


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      J. Howe Brown, Jr., Judge

           (Hunter C. Harrison, Jr., on briefs), for
           appellant.

           (Carolyn M. Grimes; Sharon K. Lieblich, P.C.,
           on brief), for appellee.


     D. Ramesh Chander (husband) appeals the decision of the

circuit court dismissing his Bill of Complaint for Annulment and

awarding a divorce to Darlene Ann (Jones) Chander (wife).  Husband

contends that the trial court erred by affirming the

commissioner's report because the commissioner allowed into

evidence testimony and documents that should have been excluded

under the parol evidence rule.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.[1]

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

     [1]Wife has filed motions to increase bond and for an award of
attorney's fees related to this appeal.  We deny both motions.

The evidence was heard by the commissioner in chancery, whose report was affirmed without modification by the trial court.

> The commissioner's report is deemed to be prima facie correct. The commissioner has the authority to resolve conflicts in the evidence and to make factual findings. When the commissioner's findings are based upon ore tenus evidence, "due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand." Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted).

Husband filed a Bill of Complaint for Annulment of his marriage to wife, alleging that the marriage and the marriage contract was "induced by fraud" because wife secretly intended never to consummate the marriage. He denied any knowledge that wife did not intend to consummate the marriage or cohabit with him. Wife filed a Bill of Complaint seeking a divorce on the basis of living separate for six months and sought ratification and incorporation of the parties' antenuptial agreement. Husband's appeal is based upon the contention that the parol evidence rule barred wife from introducing evidence concerning the circumstances surrounding the execution of the parties' antenuptial agreement.

Antenuptial agreements are subject to the same rules of construction and interpretation applicable to contracts generally. See Davis v. Davis, 239 Va. 657, 661-62, 391 S.E.2d 255, 257 (1990) (Compton, J., dissenting).

> The general rule in Virginia is that parol evidence of prior stipulations or oral agreements is inadmissible to vary, contradict, or explain the terms of a complete, unambiguous, unconditional written contract. When a claim is made under an unambiguous written instrument, however, a signatory to the instrument may introduce parol evidence to establish a defense based on such doctrines as partial integration, collateral contract, fraudulent procurement, mutual mistake, or condition precedent.

Price v. Taylor, 251 Va. 82, 86-87, 466 S.E.2d 87, 89 (1996) (citation omitted). One exception to the parol evidence rule, the doctrine of partial integration,

> recognizes that the final form of a contract between parties may not reflect the complete agreement of the parties or accurately reflect the course of dealing between parties based on their complete agreement. In such circumstances, "where the entire agreement has not been reduced to writing, parol evidence is admissible, not to contradict or vary its terms but to show additional independent facts contemporaneously agreed upon, in order to establish the entire contract between the parties."

Jim Carpenter Co. v. Potts, 255 Va. 147, 155-56, 495 S.E.2d 828, 833 (1998) (citation omitted).

Husband's initial pleading raised the issue of fraudulent procurement of the marriage contract. Wife's evidence addressed

- 3 -

husband's allegation that she agreed to marry him while secretly having no intention to live with him or to consummate the marriage. Nothing in the challenged evidence contradicted any provision in the parties' agreement or was an attempt to vary its terms. Nothing in the antenuptial agreement related to the parties' intention to consummate their marriage or to live together.

Husband relies heavily upon the provision contained in paragraph eleven that "[t]his Agreement contains the entire understanding of [husband] and [wife], and no representation or promise has been made except as contained herein." However, that provision cannot be expanded beyond the subject matter of the agreement to bar "'proof of a prior or contemporaneous oral agreement that is independent or, collateral to and not inconsistent with the written contract, and which would not ordinarily be expected to be embodied in the writing.'" Jim Carpenter Co., 255 Va. at 156, 495 S.E.2d at 833 (citation omitted). The agreement addressed solely property matters, repeatedly emphasizing the parties' desire to maintain separate financial property. One notable exception was the parties' agreement that wife would receive retirement benefits as a surviving spouse through husband's employment with the World Bank.

The commissioner allowed wife to introduce evidence concerning the circumstances surrounding the parties' antenuptial agreement and marriage. Wife's evidence demonstrated that she and husband met and dated briefly in 1990, but that she indicated to him that she was not romantically attracted to him. At husband's request, they remained friends. In 1994, husband asked wife to marry him so that his World Bank pension would not be "wasted," but she declined. Husband continued to discuss marriage, indicating to wife that they would lead separate lives and would remain only friends. Wife agreed to marry husband on these conditions. While husband denied any knowledge of wife's intention not to consummate the marriage or live together, the commissioner noted that husband admitted that he and wife made no plans concerning the wedding night or where they would live following the marriage.

Husband also alleges that the trial court applied an incorrect standard of review to the commissioner's report. The trial court properly deferred to the witness credibility determinations made by the commissioner, and found that the evidence supported the commissioner's findings. See Brown, 11 Va. App. at 236, 397 S.E.2d at 548. Therefore, husband's contention is without merit.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.
