**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1828**

---

WARREN A. NEGRI, JR.,

                                    Plaintiff - Appellant,

      versus

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY;
WILLIAM H. BECKLEY,

                                    Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Leonie M. Brinkema, District
Judge.  (CA-05-563-1)

---

Submitted:  December 20, 2005      Decided:  January 19, 2006

---

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joseph F. Cunningham, Molly Peacock, CUNNINGHAM & ASSOCIATES,
P.L.C., Arlington, Virginia, for Appellant.  E. Ford Stephens,
CHRISTIAN & BARTON, L.L.P., Richmond, Virginia; Paul F. Heaton,
Beth Ermatinger Hanan, GASS WEBER MULLINS, L.L.C., Milwaukee,
Wisconsin, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

In this diversity case, Warren A. Negri, Jr., appeals the district court's grant of the motion to dismiss of Northwestern Mutual Life Insurance Company and William H. Beckley.  We affirm.


I.

Negri enjoyed a thirty-year career as a General Agent for Northwestern, but the relationship eventually soured.  On January 6, 2003, Beckley, one of Negri's supervisors, asked Negri to take early retirement from his position as a General Agent.  In exchange, Beckley offered to let Negri stay at Northwestern as a Special Agent for as long as he chose to remain.  In addition, Beckley provided Negri with a written Margin Flow Projection that detailed Negri's projected income for nine years following his departure as a General Agent.

On January 15, 2003, Negri wrote a letter to Beckley accepting Beckley's oral offer of January 6.  However, on January 16, 2003, Beckley wrote a response letter saying that the calculations in the original Margin Flow Projection were incorrect.  He attached to his letter a new Projection that lowered Negri's expected income by approximately $900,000; Beckley emphasized that this lowered amount was only an estimate, not a promise.  Beckley's January 16 letter also withdrew the original guarantee that Negri could remain at Northwestern indefinitely after retiring from his General Agent

position.  At the end of the letter, Beckley asked Negri to "confirm your understanding and agreement to the points outlined in this letter with respect to your resignation."  Three days later, after consulting with counsel, Negri signed the letter and returned it to Beckley.

On October 22, 2004, Negri filed a Motion for Judgment in Virginia state court.  As later amended, Negri alleged two state law claims against Northwestern and Beckley: (1) breach of contract based on the oral agreement of January 6, or alternatively duress in forcing Negri to agree to the terms of the January 16 letter, and (2) fraudulent inducement based on Beckley's oral representations on January 6.  Northwestern and Beckley removed the case to the District Court for the Eastern District of Virginia. The district court then granted the defendants' motion to dismiss. Negri noted a timely appeal.

II.

Under Virginia law, the only contract at issue in this case is the written letter sent by Beckley to Negri on January 16 and signed by Negri on January 20.  "The general rule in Virginia is that parol evidence of prior stipulations or oral agreements is inadmissable to vary, contradict, or explain the terms of a complete, unambiguous, unconditional written contract." Price v. Taylor, 251 Va. 82, 86, 466 S.E.2d 87, 89 (1996).  The parol

evidence rule applies even when, as here, a plaintiff alleges that a subsequent written agreement merely changed the terms of a prior oral agreement. See Rock-Ola Mfg. Corp. v. Wertz, 282 F.2d 208, 210-11 (4th Cir. 1960). Because no contract other than the January 16 letter is before us, and because Negri has not alleged any breach of the terms of that letter, we agree with the district court that Negri has failed to state a claim for breach of contract.

We also agree with the district court that Negri has failed to state a claim of duress based on his signing of the January 16 letter. Negri had three days to consider the terms of the letter and consulted his own lawyer before making his decision. Furthermore, the only source of duress he has alleged is an implicit threat that he would be fired if he did not agree to the terms of the January 16 letter. Because Negri was an at-will employee, Northwestern would have been perfectly within its rights if it had fired him. A threat to enforce a legal right cannot constitute duress. Goode v. Burke Town Plaza, Inc., 246 Va. 407, 411, 436 S.E.2d 450, 452-53 (1993).

Negri has also failed to state a claim of fraudulent inducement based on Beckley's oral representations. To sustain such a claim, "the plaintiff must prove a false representation, of a material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage."

<u>Yuzefovsky v. St. John's Wood Apartments</u>, 261 Va. 97, 112, 540 S.E.2d 134, 142 (2001). Negri cannot show that he reasonably relied upon any misrepresentation. Whatever Beckley may have said on January 6, his letter of January 16 clearly and expressly laid out the terms of the written agreement. Given that Negri took three days to consider the terms of that letter and also consulted his own attorney about what to do, his claim that he reasonably relied on Beckley's prior oral representations fails.

Finally, Negri also appeals the district court's refusal to permit him to join an additional defendant, Leo C. Tucker, whose joinder would have destroyed diversity jurisdiction. Negri never alleged that Tucker took part in the January 2003 discussions that form the basis of his allegations, and Negri had already non-suited Tucker in state court. Accordingly, the district court did not err in denying this motion.

## III.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

-5-